JOHN WALKER, Respondent, *vs.* THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD Co., Appellant.

1. *Railroads—Inaction of owner of land not held as acquiescence, when.*—Mere silence and inaction, for the time being, on the part of a land owner, when informed that a railroad company are constructing their track over his property, will not be construed into acquiescence so as to estop him from his action of ejectment.

2. *Railroad company—Occupation of land without authority—Ejectment.*—Where a railroad company builds its road over land to which they have acquired no requisite title by condemnation, or conveyance or license, ejectment will lie.

*Appeal from Clinton Circuit Court.*

*J. H. Shanklin & M. A. Low,* for Appellant.

*S. H. Corn,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the plaintiff in Daviess County, to recover a strip of land on which the defendant's railway was constructed; and thence taken, by change of venue, to Clinton County.

The answer sets up that defendants entered upon said land and constructed their road with the leave, license, consent and acquiescence of the plaintiff. The replication denies the averments contained in the answer. Judgment for plaintiff.

The testimony shows that the plaintiff whose land was taken and used, was not present at the time; that when the railroad was being built, a gentleman wrote to him that the company had commenced constructing their road on his land, but that he did not answer the letter until some months afterwards, and then gave instructions to have this suit in ejectment brought.

The plaintiff was not bound to be present either by himself or agent, and actively object to any trespass on his land by an intruder, in order to preserve and protect his rights. The mere information communicated to him in writing, and his paying no attention to it, cannot be tortured into an acquiescence, consent or license for the company to proceed.

As well might it be said that if a man was advised that another was cutting timber on his land, and he made no answer, that his silence would be a license to the trespasser to appropriate the property. The company did not proceed in any lawful manner to obtain the right of way. By no act of the plaintiff were they misled. He gave no assent. He did nothing from which an acquiescence, either express or implied, could be inferred. The company proceeded in their own wrong, and they cannot escape the consequences.

There can be no question that where a company proceed to build their road upon land to which they have not acquired the requisite title, either by condemnation under the statute, or by conveyance from the owner, or by some permission which gave them authority for their actions, they will be liable to be ousted by ejectment.

The facts in this case entirely distinguish it from Provolt vs. The Chicago, R. I. & Pacific Railway decided at this term. (*Ante* p. 256.)

I think the judgment should be affirmed; the other judges concur, except Judge Sherwood, who is absent.