BRADLEY *et al.* v. THE MISSOURI PACIFIC RAILWAY
COMPANY, *Appellant.*

1.  **Deed of Land, Person Owning Estate Must Join in.** The per-
    son in whom the title to land is vested must use appropriate words to
    convey the estate. Signing, sealing, and acknowledging a deed,
    by the wife, in which her husband purports to be the only grantor,
    will not convey her estate.

2.  **Wife's Land:** DEED BY HUSBAND. A deed by the husband, as
    tenant, by the curtesy, prior to the enactment of section 3295, Re-
    vised Statutes, was effectual to convey his life estate in the lands
    of the wife.

3.  **Statute of Limitations.** Where the husband so conveys the
    life estate, the statute of limitations will not begin to run against
    her or her heirs until his death.

4.  **Ejectment:** EXPIRATION OF LIFE ESTATE. Ejectment will lie,
    after the death of the husband, on the part of the wife, or her
    heirs, against a railroad company, claiming under the husband's
    deed, to recover of it the land occupied by it for railroad pur-
    poses.

5.  ———: ———: ESTOPPEL. Nor do the facts that the railroad
    property was foreclosed, under a mortgage, and bought by the de-
    fendant company, and that it and several other companies were
    consolidated, and the entire railroad property has been mortgaged
    for large sums of money, perhaps its entire value, constitute any
    estoppel against the plaintiffs, it appearing that both they and
    their ancestor have been non-residents, and it not appearing that
    they had knowledge of the matters relied on as an estoppel.

6.  **Railroad:** DAMAGES FOR LAND. A railroad cannot, under the con-
    stitution and laws of this state, enter upon land, for the purpose of
    constructing its road, until the damages are paid, or secured, to
    the owner.

*Appeal from Pettis Circuit Court.* — HON J. P.
STROTHER, Judge.

AFFIRMED.

*W. S. Shirk, T. G. Portis* and *T. J. Portis* for appellant.

(1)   Prior to the passage of section 3295, Revised Statutes, 1879, a tenant, by the curtesy, could, by conveying to another his interest as such tenant, create a particular estate in another, during the continuance of which the wife had no right of entry or of action. But the conveyance from Argillon Price, which was, also, signed and acknowledged by Lucy A. Price, was not intended to create any such particular estate, and did not create it. That conveyance, upon its face, shows that it was not the intention of Argillon Price to create any such particular estate, but, to the contrary, that it was the sole intention of both Argillon Price and Lucy A. Price to convey the legal title of Lucy A. Price. She signed the deed and acknowledged it, July 22, 1853, and Argillon Price acknowledged it, September 14, 1853. Being signed, sealed, and acknowledged, by her, it should be held to convey her estate. *Elliott v. Sleeper,* 2 N. H. 525; *Burge v. Smith,* 27 N. H. 332; *Woodward v. Searer,* 38 N. H. 29; *Armstrong v. Stovall,* 26 Miss. 275; *Stone v. Montgomery,* 35 Miss. 107; *Mead v. Billings,* 10 Johns. 99; *Ingoldsby v. Juan,* 12 Cal. 564; *Deutzel v. Waldie,* 30 Cal. 138.   (2) But if it be held that the deed is inoperative to convey the wife's estate, by reason of the wife not being named as a grantor therein, still we contend that it did not have the effect of passing his interest, as tenant by the curtesy, and creating a particular estate in Edwards.   This case does not come within the rule that, if a tenant by the curtesy attempts to convey the fee-simple by warranty deed, such deed, while not amounting to a conveyance of the fee, will yet convey the life estate of the tenant by the curtesy.   Here, there was no attempt on the part of Argillon Price to convey the fee.   He simply joined in

what he supposed was his wife's deed, to enable her to convey her fee. (3) When Edwards took possession, in 1853, under this so-called conveyance, a cause of action, or right of entry, accrued to Lucy A. Price, although she was a married woman, and plaintiff is, therefore, barred by the statute of limitations. *Valle v. Oben-hause*, 62 Mo. 81; *Gray v. Yates*, 67 Mo. 601; *Dyer v. Brannock*, 66 Mo. 391. (4) Defendant acquired, from the holder of the life estate, the right to construct its roadbed over the land in controversy, and, having entered rightfully, ejectment will not lie at the suit of the remainderman, or reversioner, after the life estate has ceased. Mills on Em. Dom., sec. 73; *Austin v. Rutland*, 45 Vt. 215; *Kanaga v. Railroad*, 76 Mo. 207. (5) Plaintiff's ancestor, Lucy A. Price, after the removal of her disabilities, was guilty of laches, and the plaintiffs, her heirs, were, likewise, guilty of laches in asserting their rights in the premises, to the great injury and prejudice of defendant. *Andrews v. Farmers, etc.*, 22 Wis. 288. Entry by the railroad company, under the deed from the tenant by the curtesy, Argillon Price, was equivalent to an entry by it, with leave of a former owner, and this case is fully within the reasoning and conclusions reached in the following cases: *Provolt v. Railroad*, 57 Mo. 256; s. c., 69 Mo. 633; *Baker v. Railroad*, 57 Mo. 265; *Pettibone v. Railroad*, 14 Wis. 443; *Goodwin v. Railroad*, 18 Ohio St. 169; *Hentz v. Railroad*, 18 Barb. [S. C.] 647; *Harlow v. Railroad*, 41 Wis. 336; *Attorney General v. Railroad*, 9 C. E. Green, 49; *Peckert v. Railroad*, 10 C. E. Green, 316; *Railroad v. Turner*, 31 Ark. 494.

*G. P. B. Jackson* for respondents.

(1) The deed to Edwards did not convey the interest of Lucy A. Price in the land. It did not purport to be her deed; her name nowhere appears in it. By its terms, it is the deed of Argillon Price alone, and the

signing by his wife, Lucy A. Price, was a nugatory act. *Whitley v. Stewart*, 63 Mo. 360; *Thornton v. Bank*, 71 Mo. 231. Even if it had been intended to be her deed, it was a nullity, because it was not properly acknowledged. The certificate does not state that Lucy A. Price, wife of Argillon Price, was examined separate and apart from her husband, nor that she executed the deed without "undue influence" of her husband. *Wannell v. Kem*, 57 Mo. 478; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Hurd v. Taubman*, 79 Mo. 101; *Hoskinson v. Adkins*, 77 Mo. 540. (2) That deed had the effect to transfer the interest of Argillon Price. He was entitled to curtesy, and when that deed was made, in 1853, he could convey his interest. *Reaume v. Chambers*, 22 Mo. 36; *Bryan v. Wear*, 4 Mo. 106; *Beal v. Harmon*, 38 Mo. 435; *Allen v. Ranson*, 44 Mo. 266. (3) Under that deed, Edwards and his assigns took an estate during the life of Argillon Price; and during his life, neither his wife nor her heirs could maintain an action for the possession of the land. Their cause of action did not accrue until the termination of the life estate—that is, until the death of Argillon Price—in April, 1875. *Dyer v. Brannock*, 66 Mo. 391, 422; *Embree v. Patrick*, 72 Mo. 173; *Reaume v. Chambers*, 22 Mo. 36, 52; *Miller v. Bledsoe*, 61 Mo. 96. (4) As the plaintiffs' cause of action did not accrue until the death of Argillon Price, the statute of limitations did not begin to run until that time—April, 1875—and this suit, commenced in December, 1881, is not barred. Authorities under point three. (5) Ejectment is the proper remedy against this defendant. The railroad company acquired no greater right than its grantor had, and that was an estate for the life of Argillon Price; it took as an ordinary purchaser; there is no condemnation, nor is there a single element of estoppel in the case. *Walker v. Railroad*, 57 Mo. 275; *Evans v. Railroad*, 64 Mo. 453; *Armstrong v. St. Louis*, 69 Mo. 309; *Sherman v. Rail-*

*road*, 40 Wis. 645; *Gilman v. Railroad*, 40 Wis. 653; *Lyon v. Railroad*, 42 Wis. 538; *Daniels v. Railroad*, 35 Iowa, 129; *Railroad v. Payne*, 37 Miss. 700; *Railroad v. Hopkins*, 90 Ill. 316, 322; *Smith v. Railroad*, 67 Ill. 191. Condemnation proceedings against the owner of a life estate do not affect the title or rights of the remainderman, and he may maintain ejectment. *Railroad v. Smith*, 78 Ill. 98. The deed of the owner of the life estate should have no greater effect than the condemnation against him. (6) In this state, no entry upon land, for the purpose of constructing a railroad, prior to the actual payment of the damages, can be justified. *Walther v. Warner*, 25 Mo. 277.

BLACK, J.—This is an action of ejectment. The land sued for is used and occupied by the defendant as a right of way, and for side tracks, and depot purposes, at Smithton station, in Pettis county. The eighty acres, of which the land in question is a part, was patented to Lucy A. Price. In 1853, her husband, Argillon Price, conveyed the same to Edwards, who conveyed the same to Combs, in 1857, and the latter conveyed the land in question to the Pacific Railroad Company, in 1860, and by virtue of various deeds, the defendant has acquired the title of that company. Edwards and Combs had continuous possession of the eighty acres under their deeds from 1853 to 1860. At the latter date the Pacific Railroad took possession of the land in question, and it and those claiming under it, have ever since used and possessed the property for the purposes before stated. Argillon Price died in April, 1875; Lucy A., his widow, died in April, 1877. The plaintiffs are their heirs, and this suit was begun in December, 1881.

1. The ground of this controversy lies in the fact that the deed to Edwards purports to be the deed of Argillon Price, only. The name of Lucy A. Price does

not appear in the body of it, nor is there anything in the body of the deed to show that he was a married man. It concludes, "In testimony whereof I have hereunto set my hand and seal," etc. The deed, however, is signed by her and her husband, and acknowledged by her on the twenty-second of July, 1853, and by him on the fourteenth of September, 1853. The wife, as will be seen, owned the property in her own right, and the fact that she signed her name to the deed, and acknowledged it before a proper officer, does not make it her grant. The party in whom the title is vested must use appropriate words to convey the estate. Signing, sealing, and acknowledging a deed by the wife, in which her husband is the only grantor, will not convey her estate. *Whitely v. Stewart*, 63 Mo. 360; *Agricultural Bank v. Rice*, 4 How. 225; *City of Cincinnati v. Newel*, 7 Ohio St. 37. Whether it would be sufficient to release her dower in her husband's estate, we do not determine.

2. This deed was made prior to the passage of the statute which now appears in the Revised Statutes of 1879, as section 3295, and the effect of the deed must, therefore, be determined without regard to that statute. Mr. Price was a tenant by the curtesy, and though the deed was ineffectual to convey the estate of his wife, still it operated as a conveyance of his life estate. *Reaume v. Chambers*, 22 Mo. 36; *Beal v. Harmon*, 38 Mo. 435; *Allen v. Ransom*, 44 Mo. 266. Although the defendant and those under whom it claimed, have had actual possession since 1853, a period of nearly twenty-eight years, still that possession commenced with the date of the deed of Mr. Price, which, as we have seen, conveyed his life estate. During his life, Mrs. Price could not have maintained an action for the possession of the property. *Reaume v. Chambers*, 22 Mo. 36; *Miller v. Bledsoe*, 61 Mo. 96; *Roberts v. Nelson*, 87 Mo. 229. No cause of action accrued to her until her husband's death, and until that event the statute of limitations did not commence to run

against her or her heirs. *Dyer v. Brannock*, 66 Mo. 391; *Dyer v. Wittler*, 89 Mo. 81. He died in 1875, and the statute commenced to run at that time, but the period of ten years did not elapse between that date and the commencement of this suit, so that it is clear that the statute of limitations constitutes no defence to this action.

3. The further point is made that, inasmuch as the Pacific Railroad Company acquired the right to construct its road on the land, and having done so, ejectment will not lie, and the plaintiff must resort to some other proceeding to secure compensation for the land thus used for railroad purposes. In *Kanaga v. Railroad*, 76 Mo. 207, the land was the general property of the wife. It was there held that if the husband had acted in a manner to estop him from asserting his right to the possession of the land upon which the road had been built, then she was also estopped. But that case is not an authority here (1) because the suit was prosecuted during the life of the husband, and what right the wife or her heirs might have after the death of the husband was not before the court and not considered; (2) because that case, in so far as it holds the wife estopped by the acts *in pais* of the husband, is overruled by *Mueller v. Kaessman*, 84 Mo. 318. In this respect the *Kanaga case* was ruled to be in conflict with the statute before mentioned, and by which the rights of the wife there were to be determined.

4. Where the owner of land, it has been held, does not insist upon pre-payment of the damages, or other considerations for the right of way, but, by his acquiescence, or license, induces or permits the company to take possession and construct the road, he cannot maintain ejectment thereafter for the land, because of a failure to pay the damages or other considerations. *Provolt v. Railroad*, 57 Mo. 256; *Baker v. Railroad*, 57 Mo. 265. But, clearly, those cases are not in point here.

It was the owner who permitted or induced the company to construct its road, in advance of payment, who was denied right to recover in ejectment.    Here Mrs. Price had no right or power to object.    She could assert no rights, as against the company, until the expiration of her husband's life estate.    In *Walker v. Railroad*, 57 Mo. 275, it was held that if the company proceed to build the road upon land to which it had not acquired the requisite title, by condemnation or by a conveyance from the owner, or by permission from him, it would be liable to be ousted by ejectment.    Where the company enters without right, mere inaction on the part of the owner, it was said, could not be tortured into an acquiescence or license for the company to proceed, though he was informed that the company had entered for the purpose of constructing its road.    So an action of ejectment will lie against a city for land wrongfully taken by it and converted into a street and improved and used as such.    *Armstrong v. The City of St. Louis*, 69 Mo. 309. In *Railroad v. Smith*, 78 Ill. 96, the owner of a life estate had been notified of the appointment of commissioners to assess damages, but the notice was not sufficient as to the remaindermen, and it was held that they might, at the expiration of the life estate, and after demand made for the premises, recover in ejectment.

We are cited by appellant to *Austin v. Rutland Railroad Company*, 45 Vt. 240.    That was an action of ejectment by remaindermen to recover property previously used for railroad purposes.    The company had acquired the life estate and constructed their road on the property, but there had been no appraisal or payment of damages to the plaintiff.    The action, it was held, could not be maintained.    Considerable stress was placed upon a statute of that state, and in respect of which the court say: "This seems to contemplate that the company might have two years, after such entry, taking possession, and using, in which to get such

damages appraised, pursuant to the provisions of section seventeen. It seems difficult to suppose that it was contemplated at the time that, *in the meantime*, they should be liable to be ousted by action of ejectment." We have no such statute in this state. Our constitution prohibits the taking of private property for public use without just compensation. Under such a provision, and our statutes with respect to the condemnation of the property, it was held at an early day that the company could not enter, for the purpose of constructing the road, until the damages were paid, or secured, to the owner. *Walther v. Warner*, 25 Mo. 277. The Vermont case has other features which distinguish it from the present one, but enough has been said to show its inapplicability here; indeed, the judgment there is made to stand upon the peculiar features of the case then before the court. Our statute, which authorizes the appropriation of private property to public use, and provides for the assessment of damages, contemplates that the company will take the initiatory steps therefor. The property can only be taken by pursuing the provisions of the law. In this case the state of the title was known, or might have been known, by an examination of the recorded deeds, when the road was first constructed. The interests of these plaintiffs, derived from their mother, might have been condemned at that time. As this was not done, the defendant cannot rightfully hold on to the property until the damages are assessed and paid to, or into court for, the plaintiffs, and ejectment is the proper remedy.

4. The record shows that the railroad property was sold under foreclosure of a mortgage in 1875, and Baker, this defendant, became the purchaser. Since that, this and several other companies were consolidated, and the entire property has been mortgaged for large sums of money, perhaps to its entire value. But these facts constitute no estoppel as against Mrs. Price. At

the time of her and her husband's death, and for a long time prior thereto, they resided in the state of California, and the plaintiff, it would seem, are non-residents. There is no evidence that they, or any of them, encouraged, or knew of, the doing of these things relied upon as an estoppel. The large debt upon the property shows that the present suit is the practical remedy to pursue.

The judgment of the circuit court is, therefore, affirmed. All concur.