CHARLES A. DOERNER v. ELIZA DOERNER et al.;
ELIZA DOERNER, Appellant.

161   399
s161  408

## (No. 1.)

### Division Two, March 26, 1901.

1. **Will:** CONSTRUCTION: DEVISE TO CLASS. Where testator made a devise to the children of his daughter as a class, with the evident expectation that other children would be born to her, the estate in remainder vests in the persons who were in *esse* when the will took effect, which estate will open during the continuance of the particular estate, and let in the after-born children of the daughter.

2. ——: ——: RIGHT TO PARTITION. Where a will provided that, until the youngest of the children of the testator's daughter became of age, the daughter should have a right to the rents and profits, and that at such time her rights to the rents and profits should cease except as to one-third of the real estate for and during her natural life, when the youngest child reached majority the mother and her children became tenants in common so as to authorize partition.

Appeal from St. Louis City Circuit Court.—*Hon. L. B. Valliant*, Judge.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART
(*with directions*).

*Kehr & Tittman* for appellant.

(1) If Seitz had died intestate, his lands would have descended subject to the widow's rights, to his two children in equal parts. To direct the descent in a different course requires

plain words in the will.    Every fair intendment is to be made
in favor of the heir-at-law.    Wright v. Hicks, 12 Ga. 163;
Bender v. Dietrick, 7 W. & S. 284; Howard v. American P.
Soc., 49 Mo. 291; Schouler on Wills (2 Ed.), sec. 480.    (2)
A devise of the rents and profits passes prima facie the land
itself.    Schouler on Wills (2 Ed.), sec. 503.    But in this in-
stance it is clear that the testator intended to give the property
to his daughter for life, only, and to give it to her free from the
marital rights of her husband.    (3) The gift of the rents and
profits of the entire property, made in the first part of the par-
agraph, can not be taken away by any subsequent words that
are less clear and decisive.    As a daughter has no "lawful right
of dower" in the estate of her father, the terms used are mean-
ingless and can not be allowed to control the gift made in clear
and decisive terms in the earlier part of the paragraph.    Nichols
v. Boswell, 103 Mo. 158; Rose v. McHose's Ex., 26 Mo. 594;
Watson v. Watson, 110 Mo. 170; Small v Field, 102 Mo. 125;
Ford v. Unity Church Soc., 120 Mo. 506.    (4) Plaintiff is not
entitled to partition.    The remainderman and the life tenant
are not tenants in common.    The former can not have partition
until after the termination of the life estate.    Freeman on Co-
Tenancy and Partition, sec. 446; Sullivan v. Sullivan, 66 N.
Y. 37; Rhorer v. Brockhage, 13 Mo. App. 406; Hufschmidt
v. Gross, 112 Mo. 660; Atkinson v. Brady, 114 Mo. 202; Cub-
bage v. Franklin, 62 Mo. 364; R. S. 1899, sec. 4383.    (5)
Plaintiff was not *in esse* at the time of his grandfather's death.
At the date of the will, the daughter had one child.    At the
time of the testator's death, she had three children living and
two dead, and subsequently three more were born, of whom the
plaintiff is one.    The testator devises the remainder after the
termination of the daughter's estate "to my grandchild or chil-
dren, the child or children of my said daughter."    This means

the child or children living at the time of the testator's death, and the plaintiff has no interest whatever in the property.

*E. T. Farish, R. P. Williams, John D. Gibson, M. G. Levinson* and *A. C. F. Meyer* for respondents.

(1) If Eliza Doerner was entitled to only a third interest in the property in her own right, after the ninth day of February, 1897, then after this date, she would be liable to her co-tenants for their part of the rents and profits so collected and appropriated by her. (2) The will, by its terms, gives an absolute title to the real estate, to the children of Eliza Doerner after the youngest one becomes of age, subject to the one-third interest of Eliza Doerner, for life. This would carry with it the right of the children to their part of the rents and profits of said property. (3) The defendant, Eliza Doerner, would certainly be chargeable with the rents and profits received by her since beginning the suit. In her answer she makes an affirmative claim, to the exclusive possession of the property, and affirms that the plaintiff, nor any of her co-defendants, are entitled to the possession or any part of the rents and profits. Warfield v. Lindell, 30 Mo. 272; Childs v. Railroad, 117 Mo. 434; Robedaux v. Casselege, 10 Mo. App. 516; Tiedeman on Real Estate, sec. 255; 1 Washburn on Real Estate (3 Ed.), 570. (4) Where in partition one co-tenant is in receipt of all the rents and profits and in exclusive use and enjoyment of the whole premises, refusing to let his co-tenant in, the court would declare a charge in favor of such ousted co-tenant, for the amount of his share of such rents and profits. Holloway v. Holloway, 97 Mo. 628; Gunn v. Thurston, 130 Mo. 339. The true distinction is between the cases where one of the co-tenants occupies and uses the common estate, which was not the case

Vol 161 mo—26

here, and the case where one co-tenant collects rents from a third party for the use and occupancy of the common estate. While he is not liable to account to his co-tenants in the former case, he is in the latter. In re Tyler, 40 Mo. App. 384; Freeman on Co-Tenancy and Partition, sec. 373. (5) The interest of Eliza Doerner in the property, after the youngest child arrives at the age of majority, is that of a one-third interest for life. (6) All that the children of Eliza Doerner would take under said will is a vested remainder in all of the property devised to Eliza Doerner, and the grandchildren living at the time of the testator's death, would take such remainder as a class; which class would be subject to be opened up, so as to let in grandchildren subsequently born, during the continuance of the particular estate. Schouler on Wills (2 Ed.), sec. 530; Allen v. Claybrook, 58 Mo. 132; Waddell v. Waddell, 99 Mo. 344; 2 Washburn on Real Property (5 Ed.), pp. 599, 600; 2 Jarman on Wills, 156; Hall v. Hall, 123 Mass. 120; Thomas v. Thomas, 149 Mo. 426; Tiedeman on Real Property, sec. 402; Sikemeier v. Galvin, 124 Mo. 371. (7) The intention of the testator clearly expressed in a will, should not be defeated; but upon the contrary, the intention when gleaned from the entire instrument, should be controlling upon the court in the construction of the same. Peters v. Carr, 16 Mo. 54; Mersman v. Mersman, 136 Mo. 257; Evans v. Folks, 135 Mo. 402; Cross v. Hoch, 149 Mo. 325.

SHERWOOD, P. J.—Suit for partition (brought March, 1897) and for sale of certain real estate, and an accounting for rents and profits, and for general relief.

Whether the suit could be maintained depended on the provisions of the will of the testator, Ludwig Seitz (who died May 12, 1868). The evidence shows that at the date of Ludwig Seitz's will (March, 1861), defendant, Eliza Doerner, had

one child living, defendant Alwine Weber; at the date of the death of Ludwig Seitz, she had three children living, defendants Alwine Weber, Emilie Zuendt and Hans Egmund Doerner (born two months afterwards). Thereafter, three other children were born to her, to-wit, the plaintiff, Charles Augustus Doerner, the defendant, Cecilia Jay, and this respondent, the youngest child, Francis Doerner, who attained twenty-one years of age on February 9, 1897, and prior to the institution of this suit. Louisa Seitz died January, 1894.

The testator makes provision for his wife by his will, in the following clause: "I devise to my beloved wife, Louisa Seitz, the house in which I now live and the buildings appurtenant to the same, being on lot number 10, in block number 545, said lot containing twenty-five feet front on Franklin avenue by one hundred and fifty-five feet, more or less, to an alley twenty feet wide, and the household furniture of every kind. Further, a yearly revenue of $600, to be paid in quarterly rates of $150 in manner hereinafter provided for, and also the whole amount of interests of the stock on hand, which stock of wines, liquors, vinegars, etc., belonging to my business, is to be capitalized immediately after my decease, and the interests of the capital arising therefrom are to be paid to my said wife at the rate and in manner stipulated by me as follows, in this my last will and testament. To have and to hold to her, my said beloved wife, Louisa Seitz, for the term of her natural life, in lieu and in full satisfaction of her dower in all lands and tenements whereof I shall die seized."

He next provides for his son Charles Seitz, by giving him a large amount of personal property and several parcels of real estate.

Then follows the provisions of the will with respect to the testator's daughter, Eliza Doerner, and her children, by which

the property described in plaintiff's petition, and which is now sought to be partitioned, is devised as follows:

"I give and bequeath to my daughter, Eliza, wife of August Doerner, all the not incumbered income and profits of all and every real estate as well as the personal property given, bequeathed, and devised by this my last will and testament unto my grandchild or children, the child or children of her, my said daughter, Eliza Doerner, to use the same for the expenses of the maintenance and education of her child or children until she, he or they shall have arrived at the age of twenty-one years, and after he, she or they shall have arrived at the said age, I order and declare, that by these presents, I give, devise and bequeath unto my said daughter, Eliza Doerner, for the term of her natural life, the lawful right of dower in all the real and personal estate as following bequeathed and devised to her children or child, to have and to hold the same to her, my said daughter, Eliza Doerner, for the expenses of the maintenance and education of her children, and for her sole use and benefit, without control or any interference and without the debts of her said husband or of any future husband. Now, therefore, I give and devise to my grandchild or grandchildren, the child or children of my said daughter, Eliza Doerner (here follows description of one of the parcels of real estate involved in this suit), with all and every the buildings and improvements thereon, whereby I order and declare that I, by these presents, stipulate the first above herein mentioned clear yearly rent on same of $600, quarter yearly with $150, to be paid to my wife, Louise Seitz, for and during the term of her natural life, are to be paid to the same, free of all taxes and other deductions, and are to be issuing and payable out of the rents of the real estate herebefore described and devised unto the child or children of my said daughter, Eliza, wife of August Doerner. To have

and to hold the same to my said grandchild or children, and her, his or their heirs and assigns forever.

"I further give and devise to my grandchild or grandchildren, the child or children of my said daughter, Eliza Doerner (here follows the description of another piece of real estate involved in this suit), to have and to hold to my said grandchild, or grandchildren, her, his or their heirs and assigns forever."

Then follow five precisely similar clauses, in which the testator devises to his grandchild, or grandchildren, various parcels of real estate, with one or two exceptions, involved in these proceedings, to each of which clauses he attaches the habendum, "To have and to hold the same to my said grandchild or children, her, his or their heirs and assigns forever."

He then gives to his son, Charles Seitz, his vinegar business, excepting the stock on hand, which was to be capitalized for the benefit of his wife, and then directs that this capital and the household furniture shall, after the death of his wife, be divided between his son Charles and the children of his daughter, Eliza. Finally, he gives the remainder of his personal estate, after payment of his just debts and the sum of $300 to his wife, to his son Charles as one part, and to the child, or children, of his daughter, Eliza, as the other part.

There was a decree by the trial court on March 11, 1898, in which the issue as to the rents and profits was found in favor of defendant, Eliza Doerner, and the accounting asked for by plaintiff denied; but the decree further found that each of the children of said Eliza Doerner, including said Frances, was entitled to a one-sixth interest in the real estate described in the petition, subject to an interest of Eliza Doerner in one-third thereof for life, and ordered partition and a sale of the property, appointing a commissioner for the purpose. From this decree, defendant Eliza Doerner appealed.

We are of opinion that the trial court correctly construed

these provisions of the will brought in question by this litigation. It is quite evident from the clause of the will relating to Eliza Doerner, that the testator anticipated that other children would be born to his daughter, and so made provision for them, should they be born. But apart from such provision, the law is well settled in this State and elsewhere, that where, as in this instance, a devise is made to a class, there the estate in remainder will vest in the person or persons who were *in esse* at the time the deed or will takes effect, and such estate in remainder will open, during the continuance of the particular estate, and let in afterborn persons who belong to the class created by the property-conferring instrument. [Waddell v. Waddell, 99 Mo. 345, and cases cited.]

Here the vested remainder took effect in possession in the grandchildren of Ludwig Seitz, on the ninth of February, 1897, when the youngest child of Eliza Doerner attained her majority, which attainment of majority terminated Eliza Doerner's right to such rents and profits except as to such right in one-third of the real estate devised, for and during her natural life. [Haskins v. Tate, 25 Pa. St. 249; Teed v. Morton, 60 N. Y. 502; Britton v. Miller, 63 N. C. 268.]

The term "lawful right of dower," as used in the will, is evidently not used in its technical sense; for in such sense it would be wholly and strangely inapplicable. It was used as a term of quantity and measure of extent of duration. Whenever the youngest child reached the age of twenty-one, then Eliza Doerner became entitled to one-third of the property devised, "for the term of her natural life." Prior to that time, the perception of the rents and profits belonged to her for the purpose mentioned in her father's will, to-wit, to defray the expenses of the maintenance and education of her child or children, who, during their minority, were the principal objects of the testator's bounty. When the youngest child reached ma-

jority, then the children became entitled to two-thirds of the property, and their mother to one-third during her natural life. As to such respective shares, the mother and her children became tenants in common, with the rights of present possession, and this authorized a decree for partition.

Besides, remaindermen are entitled to partition as against the life tenant in possession, under the rulings in this State. [Reinders v. Koppelmann, 68 Mo. 482; Preston v. Brant, 96 Mo. 552; sec. 4373, Revised Statutes 1899.]

For these reasons, the decree should be affirmed, except as to that portion which held Eliza Doerner entitled to the rents and profits after February 9, 1897. As to that portion the decree will be reversed and the cause remanded to the lower court, with directions to take action in conformity to this opinion. *Gantt, J.,* concurs; *Burgess, J.,* not sitting.