CHARLES A. DOERNER et al., Appellants, v. ELIZA DOERNER, Appellant.

(No. 2.)

Division Two, March 26, 1901.

1. **Partition:** ACCOUNTING: PLEADING. Plaintiff, after stating that defendant had always collected the rents and profits of certain property sought to be partitioned, asked that an accounting be had of such rents and profits, and defendant in her answer set up that she had an exclusive right to such rents and profits. *Held,* to put in issue the question of the rents and profits as to all the parties litigant, so as to authorize an accounting thereof.

2. ———: ———: RENTS AND PROFITS: INTEREST UNDER WILL. In an action for partition and for an accounting as to the rents and profits, the court determined that under the will under which the

property was held, defendant, in February, 1897, became entitled to one-third of the property during her natural life, and that her children, the other parties to the action, became entitled to a one-sixth interest in said property, subject to the mother's life interest. *Held*, that from February, 1897, the defendant, who had collected the rents and profits of the property, was liable to account to each of the other parties to the amount of the rents, proportioned to the respective interest of each.

Appeal from St. Louis City Circuit Court.—*Hon. L. B. Valliant*, Judge.

REVERSED AND REMANDED.

*E. T. Farish, R. P. Williams, Jno. D. Gibson* and *M. G. Levinson* for appellants.

*Kehr & Tittmann* for respondents.

SHERWOOD, P. J.—This is part and parcel of the same suit as that appearing by a similar title (Doerner v. Doerner, 161 Mo. 399), though by a different number. After filing the petition, some doubt arose in the minds of the attorneys as to whether or not the allegations in the petition were broad enough to let in proof of the rents and profits derived from the real estate since the ninth day of February, 1897, which is the day upon which the youngest child arrived at her age of majority. The plaintiff, thereupon, on the day the case was set for trial, asked leave to amend the petition by interlineation, setting out the amount of rents and profits derived by Eliza Doerner, the defendant, from the property since the ninth day of February, 1897.

The court denied this application in the following language: "I will deny the application. I think it is made out of time, and I think it is proper perhaps in the original bill, but certainly it is not proper at this time."

The court in its decree, after finding that Eliza Doerner was entitled to a life estate in one-third of the property, and that, subject to said life estate, plaintiff and the other defendants were each entitled to one-sixth of the property, further declared as follows: "And the court finds that the defendant, Eliza Doerner, is not liable for any rents or profits on the premises before her life estate is set aside and allotted to her, and finds the issue as to said rents and profits and as to accounting therefor, in favor of the defendant, Eliza Doerner."

Within due time, the plaintiff and several of the defendants filed their motion to amend and modify that portion of the decree just above quoted, so as to charge defendant Eliza Doerner with the rents on two-thirds of the property from February 9, 1897. This motion being denied, the movers excepted.

The plaintiff in this case in his petition, after stating that Eliza Doerner had always collected and received the rents and profits of the property, proceeds to ask: "That an accounting be had of said rents and profits, and that there may be decreed to him his right, share and interest therein." In addition to this prayer, he also prays for general relief. This petition, so far as plaintiff's claim for rents, etc., is certainly good.

In addition to that, defendant Eliza Doerner, in her answer sets up that she has "the exclusive right to the * * * * income, rents and profits thereof, during the period of her life." This averment on the familiar principle of "express aider," put in issue as to who was entitled to the rents and profits [Garth v. Caldwell, 72 Mo. loc. cit. 630.]

And this averment in the answer of Eliza Doerner, not only put in issue the question of rents and profits as to plaintiff, but as to the other parties litigant. But more than that, Cecilia Jay, one of defendants, in her answer states that the rents and profits far exceeded the cost of education and main-

tenance, and asks for an accounting of the rents and profits, and that she be paid one-sixth of the rents and profits less the amount heretofore expended on her education and maintenance.

And Frances Doerner, also, by her answer, put in issue the question of rents and profits which had accrued since the grandchildren attained their majority and asked for general relief.

Emile Zuendt in her answer alleges similar matters as to rents and profits as does Cecilia Jay, and for further relief.

So that the question as to the party entitled to the rents and profits, was most thoroughly and industriously put in issue on the principle before adverted to.

But aside from all that, whenever the trial court determined that on the ninth day of February, 1897, Eliza Doerner became entitled to one-third of the property during her natural life, and that her children, subject to the one-third interest of their mother for life, became entitled to one-sixth each of said property on that date, thereby and thereupon, it followed as night follows day, that each of said divisees became, as matter of law, entitled from that date to an amount of the rents and profits proportionate to such respective interest.

It results, therefore, that the cross appeals of plaintiffs and defendants must be decided in their favor, and that portion of the decree which caused their appeal, must be reversed and the cause remanded as already announced.    *Gantt, J.,* concurs; *Burgess, J.,* not sitting.