Young v. Hyde.

---

GEORGE W. YOUNG, Appellant, v. CALVIN A. HYDE et al.; CYNTHIA YOUNG and WALLACE B. YOUNG, Appellants.

Division One, March 3, 1914.

1. **DOWER: Deed Signed by Wife: Name Not in Body.** A deed signed and acknowledged by a wife along with her husband, does not bar her to claim dower in the land conveyed, if her name nowhere appears in the body of the deed as a grantor.

2. **TRUST: Estate Commensurate with Power Conferred.** The estate of the trustee is commensurate with the powers conferred by the trust and the purposes to be effectuated by it. The trustee takes exactly that quantity of interest, whatever it may be, which the purposes of the trust and its proper execution may require, and no more.

3. ———: **Conveyance of Rents and Income to Trustee: Reservation of Remainder in Grantor: Intention.** The owner of land, knowing himself to be a drunkard and a spendthrift, voluntarily conveyed his lands to a trustee with the intention and purpose that the annual rents and profits were to be applied to the use and support of himself, wife and children. *Held,* that this much of the deed, without more, created an equitable life estate in common, in the rents and profits, in him, his wife and children, with the reservation of the remainder in fee in him (the grantor). Nor is that holding to be abrogated by the fact that the deed went on to say that should the grantor die before his children arrived at legal age, then all the rents and profits were to be applied to the use and support of his widow and children until the youngest child arrived at such age, "at which time all the real estate shall vest in the child or children of said grantor, share and share alike," since the said grantor did not die during the minority of any of his children, and there is now, owing to his extreme old age (85) and the fact that his wife is still living at the age of sixty years, no probability and only a very remote possibility that any other child will ever be born to him, and the contingency upon which the title was to vest in his children did not and cannot arrive.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

REVERSED AND REMANDED (*with directions*).

*George Eppler, Charles F. Strop* and *Eugene Silverman* for appellants.

(1) The trust deed to Anlyffe. C. Hyde, although signed and acknowledged by the wife of George W. Young, to-wit, Cynthia Young, is insufficient to bar her dower. Golden v. Tyer, 180 Mo. 200; McFadden v. Rogers, 70 Mo. 421; Bradley v. Railroad, 91 Mo. 493; 14 Cyc. 954. (2) The trust deed executed by George W. Young did not convey the entire estate. The estate of a trustee is commensurate with the powers created by the trust and the purpose to be effectuated by it; or in other words, the trustee takes that quantity of the estate, whatever it may be, which the purposes of

the trust and its proper execution may require, and no more. 39 Cyc. 208; Smith v. Proctor, 2 L. R. A. (N. S.) 172, and note.

*Luke H. Moss* and *Sterling P. Reynolds* for respondent Margaret T. Adcock.

(1) The pleadings in this case did not call for a construction of the Hyde trust deed, but admitted its execution and sought to overturn it by evidence of adverse possession. The question tried at the circuit was whether George W. Young had title by Statute of Limitations. Astute counsel for plaintiff will not be permitted to try his case on one theory in the trial court and another here. Biggs v. Car Co., 216 Mo. 318; Fulwider v. Gas Co., 216 Mo. 598; Buxton v. Kroeger, 219 Mo. 239. (2) There is no rule of law better settled in this State than the rule which prohibits the life tenant from claiming adversely to the remaindermen. Christ v. Kuehne, 172 Mo. 128; Aubuchon v. Bender, 44 Mo. 565; Fisher v. Sickinann, 125 Mo. 178; Keith v. Keith, 80 Mo. 127. (3) Plaintiff is estopped from claiming adversely to his own deed. Jamison v. Zansch, 227 Mo. 406; Steele v. Culver, 158 Mo. 136; Herman on Estop. & Res. Ad., pp. 707, 1194. (4) The court will appoint a trustee to carry out the provisions of a trust when called upon to do so. Rothenburger v. Garrett, 224 Mo. 200; Perry on Trusts, secs. 38, 45, 240, 244; Bredell v. College, 242 Mo. 336. (5) The trust deed can not be revoked by the donor by any act of his. It can only be done by concerted action of all parties concerned. Ewing v. Shannahan, 113 Mo. 196; Newton v. Rebenack, 90 Mo. App. 657. (6) Plaintiff will not be heard on his appeal for a construction of the Hyde deed because that was not an issue in the trial court. Even if he could raise that question it would not benefit him. "The intention of the grantor, as gathered from the

four corners of the instrument is now the polar star of construction.'' Buxton v. Kroeger, 219 Mo. 247. (7) Plaintiff executed the trust deed of his own free will evidently for the purpose of preserving this land for his children then minors, on account of his own inebriety and wastefulness. He permitted this deed to stand without question for thirty years and will not now at this late day be heard to question his own deed. (8) The trust deed contains all the apt words of conveyance required by law to convey the fee. Sec. 2793, R. S. 1909. (9) The trust deed creates in Margaret T. Adcock, respondent, and Wallace B. Young, her brother, a vested remainder. Tindall v. Tindall, 167 Mo. 218; Simpson v. Erisner, 155 Mo. 157; Byrne v. France, 131 Mo. 639; 4 Kent, Com. (14 Ed.) 202; O'Day v. Meadaws, 194 Mo. 618.

WOODSON, P. J.—This was a suit instituted in the circuit court of Buchanan county, under old section 650, Revised Statutes 1899, to quiet and determine the title to certain real estate, particularly described in the pleadings.

No question is raised as to the sufficiency of the pleadings, and consequently they are put aside with a summary statement of the issues thereby presented.

A trial was had which resulted in the rendition of a judgment decreeing a life estate in George W. Young, with remainder, share and share alike, in Wallace B. Young and Maggie Young Adcock, and adjudging that none of the other defendants had any right, title or interest in and to said premises, and the contest upon this appeal is entirely between George W. Young, plaintiff, and Maggie Young Adcock, defendant, and Cynthia Young and Wallace B. Young, also defendants, the last named defendants also having appealed.

The facts of this case are few and undisputed; and the statement of the case, as made by counsel for the respective parties, is practically the same. We will

largely draw from that of appellant, because it is somewhat the shorter of the two.

The adverse claimants to George W. Young predicate their claim of interest in and to said land upon a certain trust deed made and executed by him and others, dated September 18, 1878, which was in words and figures as follows:

"This deed of trust, made and entered into this 18th day of September, 1878, between George W. Young of Buchanan county, Missouri, and Mary T. Ridenbaugh of the city of St. Louis, Missouri, parties of the first part, and Anlyffe C. Hyde of Buchanan county, Missouri, party of the second part, Witnesseth:

"That for and in consideration of the sum of five dollars in hand paid by the said party of the second part to the parties of the first part and the trust hereinafter created and impowered, the said parties of the first part have given, granted, bargained and sold and by these presents do give, grant, bargain, sell and convey to the party of the second part and his successors in and to the trusts hereinafter created and impowered the following described real estate lying and being in the county of Buchanan and State of Missouri, to-wit:

"Three hundred and fifty-nine acres of land lying south of St. Joseph and being the farm upon which George W. Young now lives and has been living for several years last past, and being the same farm that was owned by George Young, at the time of his death and known and recognized as the 'home farm' of said George Young, deceased, to have and to hold forever in trust for the following uses and purposes, viz.:

"The annual rents and profits of said real estate are to be applied to the support and maintenance of George W. Young and his wife and children, and should the said George W. Young die before each and all of the children whose support is herein provided for, have if males, arrived at the age of twenty-one years,

and if females at the age of eighteen years, then all the rents and profits arising from the real estate above mentioned are to be applied to the support, use and maintenance of the widow of the said George W. Young and the child or children of said George W. Young and the descendants of such children, if any, until the youngest child of the said George W. Young so provided for, shall arrive at the age above mentioned, at which last mentioned time, all of the real estate mentioned in this deed shall vest in the child or the children of said George W. Young, share and share alike, but should the said George W. Young die without children or the descendants of such children, then the annual rents and profits of said real estate mentioned in this deed shall be applied to the use of his widow during her natural life, and upon her death all of said real estate and the title thereto is to vest in Mary T. Ridenbaugh, if living, and if she be dead in her child or children and the descendants of such child or children, but should the real estate herein mentioned as herein provided vest in the children and grandchildren of said Mary T. Ridenbaugh the grandchildren of said Mary T. Ridenbaugh are only to receive an interest equal to that which would vest in the parent of such grandchild or children were such parent the child of said Mary T. Ridenbaugh, and living, it is further expressly understood and provided that in the event the widow of George W. Young accepts the provisions made for her in this deed, that such provisions are to be in lieu of dower, so far as the real estate in this deed mentioned is concerned and that she is to set up no claim to dower therein as the widow of George W. Young.''

This deed was duly signed, acknowledged and recorded in the Recorder's office of Buchanan county.

The defendant, Maggie Adcock, set up certain other deeds of trust executed by George W. Young and his wife, in favor of Wallace B. Young, and asked for

the cancellation of the same. Since, however, they are not material to the merits of this case, they will be eliminated herefrom.

The defendants George Young Ridenbaugh, Shelby Baker, Cora Baker Choteau, Thomas J. Brown, Gideon Brown, John C. Brown, Felix Brown, Cynthia Young, Sarah J. Bailey and Elizabeth Lane, all failed to answer, and in due time a judgment by default was rendered against them and later the default was made final.

The defendants Calvin A. Hyde, Charles Hyde, James B. Hyde, John H. Hyde, William Hyde, Cassie Edds, Augustus Connor, Harry Martin, Arch Martin, Julia Martin, Blanch Martin, and Ollie Martin, all filed answers expressly disclaiming any interest in said lands and final judgment was accordingly entered against them.

Those filing disclaimers constitute the only heirs of Anlyffe C. Hyde, the grantee in the trust deed before copied.

The plaintiff, George W. Young, replied denying the execution and delivery of the trust deed before set out, and stated that all parties thereto considered and treated said deed as null and void, and that the plaintiff claimed title thereto by adverse possession, alleging that he had been in the open, adverse, continuous and notorious possession of said lands for more than ten years, etc.

In addition to the judgment previously mentioned, the trial court decreed that Cynthia Young, the wife of plaintiff, still alive, had no interest in said lands.

It is contended by George W. Young that under the undisputed testimony he owns said real estate in fee under the showing made of adverse possession. It is also contended by him that by a correct construction of the deed of trust in question at this time, he is the owner of said real estate in fee.

It is contended by Geo. W. Young, Wallace B. Young, the son of George W. Young and Cynthia Young, and by Cynthia Young, also appellants, that Cynthia Young has a life estate in all of said real estate, subject to the life estate of George W. Young; and it is further contended by Cynthia Young that in any event, she is entitled to be endowed in said real estate upon the death of George W. Young, her husband, all of which is denied to her by the decree in question.

The real estate in question descended to plaintiff herein from his father, George Young, who died leaving two children, Mary Ridenbaugh and George W. Young, plaintiff. George W. Young, Sr., died leaving an instrument purporting to be his last will and testament, which in due time was contested and by proper final judgment was set aside so that in effect George W. Young, Sr., died intestate. After said will was set aside Mary Ridenbaugh and George W. Young, this plaintiff, by mutual consent, partitioned their father's estate, and the property in question in this suit was set aside by agreement to this plaintiff, Mary Ridenbaugh receiving her full share in other property. At that time George W. Young, plaintiff, was dissipated, and as fully appears from the instrument itself for the purpose of protecting both himself and his family executed the Hyde deed of trust, dated September 18, 1878, before copied. This conveyance by him was purely voluntary, and so far as the evidence discloses, Anlyffe C. Hyde, the trustee, failed to accept the trust and thereafter upon the application of this plaintiff the circuit court of Buchanan county, Missouri, appointed Thomas Brown as trustee under said deed. But the evidence is uncontradicted that Brown never at any time undertook to exercise any powers given to him under said instrument or appointment by said court.

Counsel for appellant sums up the legal propositions presented by this record in the following language:

"Appellants at this time do not contend that the evidence is sufficient to show that the instrument in question was not executed and none of the appellants are at all concerned with that portion of the decree which cancels certain deeds of trust executed by George W. Young et al., since the Hyde deed of trust was executed.

"Therefore, the questions which are presented at this time upon this appeal are as follows:

"First: Does the evidence make a sufficient showing to justify a claim of adverse possession on the part of George W. Young against what is termed the Hyde deed of trust?

"Second: If the preceding question is answered in the negative, what was the nature of the estate conveyed by George W. Young by this Hyde deed of trust and is George W. Young by a proper construction of said deed the owner of said real estate in fee?

"Third: If it be adjudged that George W. Young has a life estate only in said real estate does not the said deed of trust give to his wife, Cynthia Young, a life estate, subject to the life estate of said George W. Young?

"Fourth: If all of the preceding propositions are answered in the negative, is not the decree erroneous against Cynthia Young, in adjudging that she has no right, title or interest in said premises, and does she not in fact and law have an inchoate right of dower which is by the terms of the decree barred?

"This last proposition is based upon the fact that in the body of the deed of trust, Cynthia Young is not named as one of the grantors, although she signed and acknowledged the said instrument."

The assignment of errors in this court is as follows:

First—The court erroneously construed the deed to Anlyffe C. Hyde, trustee, bearing date September 18, 1878, and erroneously defined the rights of the parties therein.

Second—The court erroneously adjudged that Cynthia Young had no right, title or interest in the premises in question and that she will not be entitled to dower therein.

Third—The court erred in refusing to adjudge the title of George W. Young to be a fee simple title.

We will consider the errors thus assigned in the order stated.

I.  Attending the first:  Did the trial court correctly declare the rights of the parties, as created by the trust deed dated September 18, 1878?

This is the principal question presented by this appeal for our determination, and if answered in the affirmative then the two latter become of no importance; but if answered in the negative, then they may receive further consideration at our hands.

The decree rendered by the trial court was against Cynthia Young, the wife of George W. Young, and debarred her from all claims and rights to inchoate dower in her husband's real estate, pre-
Dower: Wife's sumably for the reason that she signed
Name Not in
Body of Deed. the deed of September 18, 1878, by which it purports to convey said lands to Anlyffe C. Hyde, trustee, etc.

The decree in that regard is clearly erroneous for the reason that while the record shows that she signed and acknowledged the deed along with her husband, George W. Young, yet her name does not appear in the body of the deed as a grantor therein, and for that reason did not convey her marital rights in and to said real estate.  The law governing such a question has been announced by this court in numerous cases, among which are the following:  Golden v. Tyer,

180 Mo. 196, l. c. 200; McFadden v. Rogers, 70 Mo. 421; Bradley v. Railroad, 91 Mo. 493.

A more serious question is presented regarding that part of the record finding that George W. Young had by said deed of September 18, 1878, conveyed all right, title and interest in and to said **Trust Deed: Remainder Reserved to Grantor.** real estate, save and except a life estate therein, to Anlyffe C. Hyde, trustee, etc., and adjudging that he only had a life estate, and that Wallace B. Young and Maggie Adcock each owned one-half interest in said lands in fee, subject to the life estate of said George W. Young.

Counsel for appellants contend that the deed of trust executed by George W. Young, to Anlyffe C. Hyde, did not convey the entire estate in said lands, but that the remainder thereof, after providing for the support and maintenance of himself, wife and minor children, was reserved to himself in fee.

Counsel predicate this contention upon the well known principle of law which holds that the "estate of the trustee is commensurate with the powers conferred by the trust and the purposes to be effectuated by it; or in other words the trustee takes exactly that quantity of interest, whatever it may be, which the purposes of the trust and its proper execution may require, and no more." [39 Cyc. 208; Smith v. Proctor, 2 L. R. A. (N. S.) 172, and note.]

This rule calls for a construction of said trust deed, which must be done in the light of the facts and circumstances as they existed and surrounded the parties at the time of its execution.

George Young, Sr., the father of George W. Young and Mary Ridenbaugh, had recently died, leaving a large amount of real and personal property situate in Buchanan county, Missouri, of which the land in controversy was a part. While the record shows George Young, Sr., made a will disposing of

all his property to the persons named therein, yet it
further shows that said will was contested and legally
set aside and for naught held.

At that time and long prior thereto George W.
Young had been and was then addicted to strong drink,
and he was what was known and denominated a com-
mon drunkard, and a great spendthrift; and being con-
scious of his weaknesses in that regard, Mr. Young
conceived the idea that it would be wise and humane
to make ample provision for the *support of himself,*
*wife and minor children.*

In pursuance to that idea and for the purpose of
partitioning his father's estate between himself and
his sister, Mrs. Ridenbaugh, the trust deed in question
was executed. Mrs. Ridenbaugh signed the deed solely
for the purpose of releasing her interest as heir in
his distributive share of their father's estate; and
George W. Young at the same time executed a deed
to Mrs. Ridenbaugh releasing his interest in her dis-
tributive share of their father's estate.

Other deeds were executed by the parties at the
same time, but they are not material to the questions
involved in this case, and for that reason they will
not be further noticed.

The record also shows that George W. Young was,
at the time of the institution of this suit, past eighty
years of age, and that his wife was over sixty years
old, he now being about eighty-five, also that many
years ago he ceased to drink and is and for many
years has been an absolutely temperate man, and no
longer wastes or uselessly squanders his means.

If we start with the propositions that George W.
Young, the plaintiff, was the absolute owner of the
property conveyed by the trust deed to Hyde, that it
was voluntarily made by him without a valuable con-
sideration passing to him therefor, solely for the
purpose of providing for the support and maintenance
of himself, wife and minor children, prompted by a

knowledge of his intemperance, that will throw much light upon the intention of the grantor and the purposes the instrument was designed to effectuate. In other words, it is apparent from this record that the grantor, realizing his deplorable condition, and fearing that he might, while in a state of intoxication, waste his substance, and thereby turn himself, wife and children out into the world without any means of support, was induced to execute the trust deed in question, for the purposes stated, and none other.

In that state of mind and with those purposes in view, George W. Young executed said deed, conveying said real estate to Anlyffe C. Hyde, "in trust for the following uses and purposes, viz.:"

(1) "The *annual rents and profits* of said real estate are to be applied to the support and maintenance of George W. Young, and his wife and children" (who were Wallace B. Young and Margaret Adcock).

(2) "And should the said George W. Young die before each and all of the children, whose support is herein provided for, have, if males, arrived at the age of twenty-one years, and if females, at the age of eighteen years, *then all the rents and profits* arising from the real estate above mentioned are to be applied to the support, use and maintenance of the widow of the said George W. Young and the child or children of said George W. Young and the descendants of such children, if any, until the youngest child of the said George W. Young so provided for, shall arrive at the age above mentioned, at which last mentioned time, all of the real estate mentioned in this deed shall vest in the child or the children of said George W. Young, share and share alike."

(3) "But should the said George W. Young die without children or the descendants of such children, then the *annual rents and profits* of said real estate mentioned in this deed shall be applied to the use of his widow during her natural life."

Under the facts and circumstances of this case, had this deed' stopped at the end of the first clause quoted, there could be but little doubt but what it would have created an equitable estate in common, in the rents, for the life, in George W. Young, his wife, Cynthia Young, and his two children, Wallace B. Young and Margaret Adcock, with a reservation of the remainder in fee in the grantor, George W. Young. But the circuit court did not so hold, but upon the contrary adjudged a life estate in George W. Young, with the remainder in fee to his said two children, and decreed that his wife, Cynthia Young, had no right, title or interest whatever in or to said real estate.

Under the rule of law previously announced, was this ruling of the circuit court correct? In my opinion that question must be answered in the negative, and my reasons for so holding will follow.

In the first place, the grantor, George W. Young, was only dealing with the *annual rents and profits* of the real estate (which words I have italicized in copying the deed, for the purpose of calling special attention to the character of the thing conveyed) and not the estate in the land, as is usually done by such deeds; and in the second place, he did not die during the minority of his children, which contingency was provided for in the second clause of the deed previously quoted, and since both of said children are past their majority, and he having passed the age, in all human probability, if not possibility (notwithstanding the ancient rule of the common law, to the effect that the possibility of issue is never presumed to be extinct as long as a person lives for the purpose of preserving an estate, but never for its destruction) of having other children born unto him, the contingency provided for in this clause of the deed is so extremely remote, amounting almost to an impossibility, the law, looking to the substance rather than to the form, should not

resort to said ancient rule of non-presumption, for the purpose of destroying Mr. Young's estate in the remainder (which he clearly intended to reserve) under the facts and circumstances, where the future birth or nonbirth of children unto him cannot possibly affect the rights of the defendants in this case, for the obvious reason that all possibility of their becoming interested in the land mentioned, under the conditions of this deed, has been forever foreclosed, beyond a physical possibility, and therefore, the remainder of the rents created in their favor of necessity fails.

While we have the authority to pass upon the rights of unborn children in this class of cases (Reinders v. Koppelmann, 68 Mo. 482; Sparks v. Clay, 185 Mo. 393, l. c. 408; Doerner v. Doerner, 161 Mo. 399, l. c. 407, and other cases too numerous to mention), yet we decline to do so in this case for two reasons: first, because of the extreme remote possibility of their ever being born; and, second, because of the doubtful wisdom of passing upon the rights of such before birth, which should not be done where the nature of the case does not demand that it should be done.

Independent of that, under the authority of the cases cited, should we adjudge the interests of the unborn children of the appellant, his estate in and to the property would be subject to whatever interest they might be entitled to upon their birth, precisely to the extent that they would be, as if their rights had never been adjudged, as in this case.

But in our judgment it is wise and for the best interest of all parties concerned, that the title to this land should be ascertained and determined during the lives of those who, at present, are asserting conflicting claims thereto; and at the same time observe and protect the rights of the unborn, by giving force to the Biblical injunction, "Sufficient unto the day is the evil thereof," and we will "take, therefore, no thought for

the morrow; for the morrow shall take thought for the things of itself.'' [Matthew, 6:34.]

That being true, this clause of the deed has no force or effect in construing the deed in question under the facts of the case as they exist at this time. Consequently the judgment of the trial court, in decreeing the remainder, if we may so call it, upon the termination of the life estate of George W. Young to his two children in the rents and profits, is in direct violation of the express provisions of the trust deed made and executed by him on September 18, 1878, and is therefore erroneous.

The holding of the trial court in so far as George W. Young was concerned, would have been correct had he died before his children became of age, because that fact would have brought the case squarely within the terms of the contingency stated in said second clause of the deed. But as previously stated, that fact not having happened during their minority, and there being *no* probability, even though a remote possibility of other children being born unto him, that clause of the deed does not nor can it ever have any force or effect regarding the defendants.

As previously stated, the decree of the circuit court was also erroneous in so far as it related to the interests of Cynthia Young, the wife of George W., the grantor, not only for the reason stated in the first paragraph of this opinion, but also for the reason to be presently stated.

The third clause of said deed reads as follows:

''But should the said George W. Young die without children or the descendants of such children, then the *annual rents and profits* of said real estate mentioned in this deed shall be applied to the use of his widow during her natural life.''

It cannot be seriously or otherwise contended, that there is not yet a possibility that George W. Young may yet die without children or their de-

scendants; or to express the same idea in different· words, the two children of George W. Young may yet die without living issue prior to the death of said George W. Young, in which event by the express provisions of the third clause of the deed just quoted Cynthia Young, the widow of George W. Young, would be entitled to a life estate in said real estate, and consequently the construction of the trust deed by the trial court as to Cynthia Young was clearly erroneous.

The remaining provisions of the deed in question relate to certain contingencies regarding Mary Ridenbaugh, the sister of George W. Young, the grantor, and her heirs; since, however, final judgment was rendered against them, by the circuit court, and they not having appealed therefrom, that judgment stands in full force and effect, which renders it unnecessary, if not improper, to discuss or construe those provisions, as they do not throw any light upon the other provisions of the deed.

After a careful consideration of this complex deed, and the decree of the circuit court construing the same, we are of the opinion that the decree is erroneous in the particulars mentioned, and that the grantor, George W. Young, never intended to part with the entire estate in said lands, but only sufficient of the "rents and profits thereof," to accomplish the purposes which prompted its execution; and after having ascertained and pointed out those purposes, we find that they have been fully executed in so far as the appellants are concerned, there still remains an equitable estate in said lands for the lives of George W. Young and his wife, Cynthia Young, with a remainder in fee in the former after the termination of said equitable estates.

These observations exclude the idea that the fee to said real estate has or can ever vest under the terms of this deed in the living children of George W. Young, although conceding he might have children born

unto him in the future as was adjudged by the circuit court.

We are, therefore, of the opinion that the true construction and meaning of this deed is: that it created a trust estate for life in the issue and profits, in common for the support and maintenance of George W. Young, the grantor, his wife, Cynthia Young, and his two children, Wallace B. Young and Maggie Adcock, during their minority; and should the said George W. Young die without children surviving him, or the descendants of such children; then a life estate will vest in the rents and profits of all of said real estate in the widow of said George W. Young; and thereafter the remainder of the estate in fee, which is unconveyed by the deed, remains in the grantor, George W. Young.

The authorities supporting these views are so fully cited and commented upon by those mentioned in this opinion, there remains but little that could be added thereto by way of illustrating the principle of law involved in this case, or its application to the facts hereof.

The foregoing views dispense with the necessity of passing upon the question of the Statute of Limitations.

We are, therefore, of the opinion that the judgment should be reversed, and the cause remanded with directions to the circuit court to ascertain and decree the interests and estates of the parties in and to the land described, as herein declared.   All concur.