MOODY and Others *v.* WEST.

In 1835, in a proceeding for the partition of the lands of a decedent, certain land was assigned to the widow as her dower, and his lands, not being susceptible of partition, were ordered to be sold subject to the dower. The order of sale directed that the commissioners sell the land, excepting the widow's dower. The commissioners reported that they had made the sale excepting the dower, describing it by metes and bounds. The sale was confirmed, and a deed made purporting to convey to the purchaser all the interest of the heirs of the decedent in the premises, subject to the widow's dower.

*Held*, 1. That the order authorized the sale of the entire estate, subject to the widow's dower; and the reversion vested in the purchaser.

2. That the Court, under the statute of 1831, had authority to make such order; that the language of the statute is broad enough to convey estates in reversion as well as in possession.

APPEAL from the *Franklin* Circuit Court.

WORDEN, J.—Complaint by the appellants against the appellee to quiet their title to a certain piece of land. The defendant answered, setting up a title in himself. Trial by the Court, finding and judgment for the defendant.

The facts are, that in 1830, *John Lefforge* died intestate, leaving to his heirs certain lands, of which that in controversy is a part. Afterwards, in 1835, in a proceeding in the *Franklin* Probate Court for a partition of the lands of the deceased between his heirs, the land in dispute was set apart and assigned to his widow as her dower in his estate, and his lands were ordered to be sold (not being susceptible of an equitable partition) subject to the dower of the widow, which had been thus assigned to her. The order of sale directs that the " commissioners, or any two of them, proceed to sell the aforesaid land, in said report mentioned (excepting the widow's dower, which is set off to her as aforesaid), to the highest bidder," &c.

The commissioners made sale of the land to one *John Gant*, and reported that they had made such sale, "excepting the widow's dower in the premises," describing such dower by metes and bounds. The sale was confirmed and a deed ordered and made to the purchaser. The deed purports to convey to the purchaser all the interest of the heirs

of the decedent in the premises, subject to the widow's dower.

The plaintiffs, as the heirs at law of the intestate, claim that the reversion in the property thus set apart to the widow for her dower, did not pass to the purchaser by such sale; but that upon the death of the widow, they will be entitled to the same as such heirs.

West, claiming under Gant, insists that by the sale and conveyance, the entire estate passed to Gant, subject merely to the life estate of the widow. This is the only question presented in the case.

We are of opinion that the order of sale was sufficient, in terms, to authorize the sale of the entire estate, subject to the widow's dower; and that the proceedings vested such interest in the purchaser, if the Court had authority to make such order.

The proceedings were had under the statute of 1831, to provide for the partition of real estate. Vide R. S. 1838, p. 426. Under this statute, the Court had power to make partition (and in a proper case to order a sale) "when two or more persons were proprietors of any real estate." This language is broad enough to cover estates in reversion as well as in possession, and, in our opinion, the proceedings were authorized by the statute.

It follows that the finding and judgment below are right.

Per Curiam.—The judgment is affirmed with costs.

G. Holland and J. Ryman, for the appellants.

J. D. Howland and D. D. Jones, for the appellee.