ROLLIN H. ALLEN *vs.* JULIA A. A. LIBBEY & others.

Suffolk. Jan. 16. — Sept. 3, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

A tenant in fee simple of land, subject to the life estate which the widow of an intestate, without issue, has, under the Gen. Sts. c. 90, § 15, in an undivided half thereof, may maintain a petition for partition against the widow, as to so much of his interest as he has in possession; and the court may, under the Pub. Sts c. 178, § 65, order the land to be sold.

W. ALLEN, J. This is a petition for partition of land of which Joseph Libbey, in 1874, died seised, brought by a purchaser of sixty-five three-hundredths of the land, being the shares of certain of his heirs, against the widow and the other heirs. The widow alone defends. Joseph Libbey died childless and intestate, and his widow, by force of the Gen. Sts. c. 90, § 15, became seised, as tenant for life, of an undivided half of the land of which partition is sought. *Sears* v. *Sears*, 121 Mass. 267. The other respondents and the petitioner hold the entire interest in the land except the life estate of the widow.

The widow could have her part set off on a petition for partition by her. *Sears* v. *Sears, ubi supra.* The objection made to the maintenance of the petition against her is, that the petitioner has not an estate in possession. This objection goes to the root of the matter, and, if valid, will prevent any of the heirs from maintaining a petition against the other heirs, as well as against the widow.

If the widow had a life estate in the whole land, the estate of the petitioner would be only in reversion, and he could not have partition ; if she had a life estate in an undivided half, with remainder to some person other than the petitioner, it is settled that the petitioner, holding an undivided half, could maintain the petition against her. *Taylor* v. *Blake,* 109 Mass. 513. In this case, the petitioner, claiming the interest of an heir, has an estate in the reversion, like all the other heirs ; and the question must be decided as if all the heirs were petitioners, or as if the petitioner were the sole heir. The question may then be stated thus : Can a tenant in fee simple of land, subject to a life estate in an undivided half, maintain a petition for partition, under the statute, against the tenant for life ? We think that he can. He has an estate in possession in an undivided half of the land, and an estate in remainder in the other half, expectant on the termination of the life estate. The tenant for life is entitled to the possession of an undivided half, and the right of possession of the other half must be in the tenant in fee simple ; it can be in no one else. This unity of possession makes them tenants in common as to their estates in possession, and carries with it the right of partition of such estates. *Taylor* v. *Blake, ubi supra. Hazard* v. *Little,* 9 Allen, 260. It is immaterial, as to the estates in possession, whether the estate expectant on the life estate is in the tenant in fee, or in some other person.

In this case, the petition alleges that the petitioner and the respondents other than the widow are seised in fee and in possession of the whole land in common and undivided, and that the widow has a life estate in an undivided half of the land. These allegations are inconsistent. As the widow has an estate in possession in one half of the land, the estate of each of the heirs must be one half in possession and one half in reversion. As to the estates in possession, the heirs, or their assigns, and

the widow, are tenants in common, and each has a right to a partition. The estates in reversion cannot be divided, and must be excluded from the petition. A partition among all, of all the estates subject to partition, would give to the widow one half for her life estate, and divide the other half amongst the other parties in fee in proportion to their interests.

There is no way in which the share of the widow can first be set off to her, under this petition, without making her a petitioner. It is in the discretion of the court, on her application, to order the petition to be continued, to allow her to obtain partition. It is also for the court to determine whether a case is shown for a sale of the land under the Pub. Sts. c. 178, § 65.

The petitioner is, therefore, entitled to maintain the petition against the widow, as well as against the other respondents, for the half of his interest in which he has an estate in possession, that is, for sixty-five six-hundredths of the land; and the court has authority, under the statute, to order a sale of the land.

<em>Ordered accordingly.</em>

*A. E. Pillsbury*, for the petitioner.
*C. A. Welch*, for the respondents.