EDWARD HANSON and Another v. INGWALD INGWALDSON.

November 1, 1899.

Nos. 11,736—(35).

### Administrator's Sale—Defective Description—Subsequent Correction.

The father of the plaintiffs died intestate, seised of 120 acres of land in section 13, township 101, range 6, and of no other land. The administrator purported to sell and convey the land to the defendant's grantor, but in the inventory filed in the probate court, and in all the proceedings and records had therein with reference to the sale, except the deed, the land was described as being in section 13, township 101, range 5. *Held,* that the sale was void; and, further, that an order of the probate court, made 27 years after the sale, purporting to correct the order of license and the other records, so as to describe the land of which the intestate died seised, was also void.

### Tenants in Common—Adverse Possession of Grantee of One.

Where one tenant in common attempts to convey by warranty deed the whole estate in fee, and his grantee records his deed, and by virtue thereof enters upon the estate, and claims and holds exclusive possession of the whole thereof, the possession and claim are adverse to the title and possession of his co-tenant, and amount to a disseisin.

### Tenant for Life—Possession.

The possession of a life tenant is never deemed to be adverse to the remainder-man, for the latter has no right of entry or action for possession until the life estate is extinguished.

**Tenant for Life—Partition.**

> Where the interest of the tenant in dower or other life tenant extends to the whole of the land of which partition is sought, the action will not lie against the life tenant, nor can the judgment affect his estate; but, where the life estate extends only to a part of the land, an actual partition or sale thereof may be had, although it affects the life estate.

Action in the district court for Houston county for partition of land. The case was tried before Kingsley, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiffs appealed. Reversed.

*Duxbury & Duxbury,* for appellants.

*James O'Brien,* for respondent.

START, C. J.

Action for partition of 20 acres of land in section 13, township 101, range 6, in Houston county. The complaint alleges that the father of the plaintiffs, Peter Hanson, died intestate, seised of the land, and that each of the plaintiffs now owns an undivided one-fourth, and the defendant the remaining undivided one-half, thereof. The answer admits that Peter Hanson died seised of the land, and alleges that the defendant has acquired the whole title thereto through an administrator's sale thereof to his grantor, and also by adverse possession. The trial court made findings of fact in favor of the defendant as to both defenses, and ordered judgment for him. The plaintiffs appealed from an order denying their motion for a new trial.

1. As to the first defense, the plaintiffs' assignments of error may all be considered under the general question: Was the evidence competent and sufficient to support the findings of the trial court to the effect that the whole premises were duly sold by the administrator of Hanson to the defendant's grantor?

The father of the plaintiffs, Peter Hanson, died intestate, January 24, 1868, seised of no other land except the north 120 acres of the northeast ¼ of section 13, township 101, range 6, in the county of Houston, of which the 20 acres here in controversy are a part. He left, him surviving, his widow and four minor children, two of whom died unmarried, intestate, and without issue. The widow is still living, and in 1870 she married the defendant's grantor, Knud

Halgrimson. The plaintiffs are now the only surviving children, and each of them became of legal age more than 15 years prior to the commencement of this action, in June, 1898. On January 7, 1871, Asle Swenson was duly appointed administrator de bonis non of the estate; and on May 30, 1871, as such administrator, he executed and delivered a deed, which was duly recorded on that day, of the 120 acres of which his intestate died seised, subject to the dower rights of the widow, to Knud Halgrimson, in consideration of $1,200. This deed correctly described the property, and recited all of the jurisdictional steps necessary to make a valid administrator's sale of the land. On March 4, 1875, Halgrimson and wife, the widow of Hanson, by a joint warranty deed, dated on that day, and duly recorded on December 6, 1875, purported to convey to the defendant herein the whole title to the 20 acres here in question in consideration of $500, which he paid to them; and thereupon, without any knowledge or notice in fact of any defects in the administrator's sale affecting his title, he entered into possession of the premises, under his deed, on March 4, 1875, and has been ever since in the actual and exclusive possession of the whole thereof.

There is no substantial dispute between the parties as to the foregoing facts, but the records of the probate court received in evidence show that in the inventory of Hanson's estate, and in all other records and papers relating to the sale, except the administrator's deed, the land was described as situate in section 13, township 101, range 5, instead of range 6. After the commencement of this action, but before the trial thereof, the administrator of Hanson's estate petitioned the probate court to correct such records and papers by substituting range 6 for range 5 in the description of the land wherever it occurred therein. The probate court granted the petition. The trial court found that in all of the proceedings in the probate court it was the land actually owned by Hanson at the time of his death which was intended to be described therein, and to be and was actually sold, and that range 5, instead of range 6, was inserted in the description of the land by mistake. The evidence justifies such finding, but the question here is not what the unexecuted intention was. The question is, does it appear from the records that the administrator was licensed to sell the north 120

acres of the northeast $\frac{1}{4}$ of section 13, township 101, range 6, of which Hanson died seised?

It appears from the records that the land the administrator was licensed to sell was particularly described therein as being six miles east of that owned by Hanson; that is, in range 5, instead of range 6. It is to be noted that there is no indefiniteness in this description, for it is specific, and necessarily negatives any inference that it includes the land in question. The defendant, however, claims that, in the petition for license, order, notice of sale, and confirmation, the land is described as that of which Peter Hanson died seised, and that the particular description must be rejected as false; and that, if this be done, the identity of the land is clearly established by the general description. The case of Buntin v. Root, 66 Minn. 454, 69 N. W. 330, is relied on in support of this proposition. The case cited, however, is not in point; for in that case the particular description of the land in the order of license was simply indefinite, but was made certain by the recitals therein. In this case the description of the land the administrator was licensed to sell was definite and certain, and clearly identified land which the deceased never owned, and no other. If this particular description were rejected, as suggested, the records would not identify any land whatever. The petition for license is entitled, "In the matter of the estate of Peter Hanson, deceased," and states the amount of the personal estate, the disposition thereof, the amount of the unpaid debts, and that the "deceased died seised of the following described real estate." Then follows a specific description of the north 120 acres of the northeast $\frac{1}{4}$ of section 13, township 101, range 5. The petition contains no other description or designation of the land to be sold. The license, so far as here material, was in these words:

"In the matter of the application of Asle Swenson for authority to sell the real estate of said Peter Hanson for the payment of his debts. Pursuant to an order of this court made in said matter on the 21st day of January, A. D. 1871, the petition of Asle Swenson, praying for license to sell all of the real estate whereof said Peter Hanson died seised, was this day heard and considered. * * * It is ordered that said Asle Swenson be, and he is hereby, licensed and authorized to sell the following described lands, viz.: The

north ½ of northeast ¼ of section 13, Town 101, range 5, and north ½ of south ½ of northeast ¼ of section 13, Town 101, range 5."

If the particular description of the land be stricken from this license, it is obviously a nullity; but with the particular description it authorizes the administrator to sell a specific 120 acres in range 5, and no other. It follows that the administrator was never licensed to sell the 120 acres in range 6, of which his intestate died seised, and therefore the attempted sale of the latter by the administrator was not simply irregular, by reason of a clerical mistake, but absolutely void. It also follows from this proposition, as a simple corollary, that the attempt of the probate court to correct the records, so far as to substitute in the order of license land in range 6 for land in range 5, was a nullity. Kurtz v. St. Paul & D. R. Co., 65 Minn. 60, 67 N. W. 808. We have reluctantly reached the conclusion that the administrator's sale was void, for there are no equities to support the plaintiffs' claim.

2. This brings us to the question whether the defendant has acquired title to the land in question by adverse possession. He acquired, by the deed under which he entered into possession of the land, the life estate of the widow of Hanson in an undivided one-third thereof; also an undivided interest in fee,—the plaintiffs concede that it was an undivided one-half. He was therefore a tenant in common with the plaintiffs, who claim that his possession was not adverse as to them, because the possession of one tenant in common is not to be presumed to be adverse to his co-tenants. Such is the general rule; but where one tenant in common attempts to convey the whole estate in fee, by warranty deed, and his grantee records his deed, and by virtue thereof enters upon the estate, and claims and holds exclusive possession of the whole thereof, the entry and claim must be deemed adverse to the title and possession of his co-tenant, and amount to a disseisin. Ricker v. Butler, 45 Minn. 545, 48 N. W. 407; Freeman, Cot. § 224. Such was this case, and the defendant would now be the sole owner of the whole of the premises in question, except for the life estate of the widow in an undivided one-third thereof.

When the defendant entered under this deed, the plaintiffs in fact owned an undivided one-half of the premises, subject to the

widow's dower right, a life estate in an undivided one-third of the whole premises, or a life estate in an undivided one-sixth of their moiety, leaving them an undivided one-third of the whole not subject to dower. As to this undivided one-third, they could have asserted their right to it at any time after they reached their majority, which was more than 15 years before the commencement of this action; hence, as to this third, the action is barred,—that is, the defendant has acquired title thereto by adverse possession. But the undivided one-sixth of the land which is still subject to the life estate, as against the plaintiffs, stands upon a different basis. As to it they are reversioners, and the defendant a tenant for the life of another. The possession of the tenant for life is never deemed to be adverse to the remainder-man, for the latter has no right of entry or action for possession during the life term. Therefore this action is not barred as to such undivided one-sixth. Allen v. DeGroodt, 98 Mo. Sup. 159, 14 Am. St. Rep. 635, notes.

It follows that the plaintiffs own in fee an undivided one-sixth of the land, subject to the life estate, and that the defendant owns the life estate and an undivided five-sixths of the land in fee.

3. It is further claimed that the plaintiffs cannot have partition as to their undivided interest because the widow is still living, and the claim of the tenant in dower is still in force. It is true that, where the interest of the tenant in dower or other life tenant extends to the whole of the land of which partition is sought, the action will not lie against the life tenant, nor can the judgment affect his estate. Smalley v. Isaacson, 40 Minn. 450, 42 N. W. 352. In such case, there is no necessity for disturbing the tenant in dower or other life tenant; for there can be an actual partition, as between the reversioners, by each taking his share in severalty, subject to the life estate, or the whole may be sold subject to such estate; hence the statute (G. S. 1894, § 5778) expressly provides that a judgment in partition shall not affect tenants in dower, or by curtesy or for life, to the whole of the property which is the subject of the partition. But, where the life estate extends only to a part of the land to be partitioned, an actual partition or sale thereof may be had, although it affects the life estate. It is not necessary, in such a case, that the plaintiff should have a present right of possession.

G. S. 1894, §§ 5770, 5777, 5792; Cook v. Webb, 19 Minn. 129 (167); Bonham v. Weymouth, 39 Minn. 92, 38 N. W. 805; Smalley v. Isaacson, supra.

The trial court erred in directing judgment for the defendant as to the entire interest in the premises, and the order denying plaintiffs' motion for a new trial must be reversed, and a new trial granted, as to the undivided one-sixth thereof. So ordered.