[No. 11543.  Department One.  March 13, 1914.]

MAUD W. EASLY, *Respondent*, v. JAMES J. EASLY et al., *Appellants*.[1]

PARTITION—ESTATES SUBJECT—TENANTS FOR LIFE OR YEARS AND REMAINDERMAN. The owner of an estate for life or years cannot maintain partition in kind against the owner of the remainder in fee in the same land; hence, in partition between a widow and minor children, it is error to attempt to make partition between a life tenant and a remainderman by reducing the life estate to its money value and awarding its equivalent in property in fee, with the resultant fee simple to the remainderman.

SAME—PARTITION IN KIND—POWER OF COURT—STATUTES—CONSTRUCTION. The statutes of this state do not authorize a partition in kind so as to extinguish an estate for life or years by a substitution of an estate in fee simple, in any manner except by payment of its present worth in money, and then only where there is a sale of the entire property.

PARTITION—INCUMBRANCES—ASSUMPTION. Upon the partition of property encumbered by mortgages, the party assuming the incumbrances should be awarded additional property of equal value, making, in effect, a partition of the net estate.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 19, 1913, upon findings in favor of the plaintiff, in an action for partition, tried to the court. Modified.

[1]Reported in 139 Pac. 200.

*C. C. Dalton, Glen R. Metsker,* and *James B. Metcalfe,* for appellants.

*Charles E. Patterson,* for respondent.

ELLIS, J.—This is an action for partition of real estate. The following material facts are undisputed and were, in substance, found by the court: The plaintiff, Maud W. Easly, is the widow of James J. Easly, who died June 13, 1906, since which time she has not remarried. The defendants, James J. Easly, Charles R. B. Easly and Nicholas L. Easly, are minors, all under the age of fourteen years, and children of the plaintiff and the deceased. The plaintiff and these minors are now in possession of, and own in common, in fee simple, all of the real estate involved. Separate parts of the real estate were encumbered by three mortgages, in principal sums of $10,000, $6,750 and $3,000, respectively. The plaintiff was the owner of an undivided one-half, and of a life estate or estate during her widowhood in an additional undivided one-sixth, of all of the property. Subject to her estate during life or widowhood, the minor James J. Easly was the owner of an undivided one-sixth as a remainder in fee, and the minors Charles R. B. Easly and Nicholas L. Easly were each the owners in fee in possession of an undivided one-sixth of the property.

The court further found that it was impossible for the plaintiff, for herself and as guardian for the minors, to manage the real estate to their best interests while the same was held in common; that, by reason of the minority of the defendants, it is impossible to borrow money upon the real estate; that the property is frequently subjected to assessments for street improvements, and has already been so encumbered; that partition can be made and the interests of the defendants and the plaintiff will be subserved thereby; that the undivided one-half interest of the plaintiff should be considered as charged with an undivided one-half of the encumbrances; that the undivided one-sixth interest owned

by James J. Easly, subject to the life estate or estate during widowhood of the plaintiff, should be considered as charged with an undivided one-sixth of the encumbrances, and the interests of the other two defendants should each be held charged with an undivided one-sixth of the encumbrances; that the defendants have no personal property whatever; that it is for the best interests of the minors, so far as possible, in making partition, that their interests should be set off to them clear of encumbrance, and that the encumbrances should be placed upon the interest awarded to the plaintiff, who, being charged with the encumbrances, should receive an additional amount of real property, sufficient to cover the amount so assumed.

The court concluded that the plaintiff is entitled to partition, and that referees should be appointed to make partition and report to the court. On February 17, 1913, an interlocutory decree was entered, directing partition and appointing three persons named as referees for that purpose. On April 5, 1913, the referees filed their report, in substance, that the gross value of all of the property involved was $110,000; that the mortgage encumbrances amounted to $20,000; so that the net value for division was $90,000; that the cash value of the estate for life or during widowhood of the plaintiff in the undivided one-sixth of the property was $1,000; that it is practicable to fully partition all of the properties in kind to an ownership in severalty in fee simple, so that the plaintiff's estate for life or during widowhood in the undivided one-sixth shall be extinguished; that to that end, there should be set off to the plaintiff, in addition to the one-half in value of the property, further property of $1,000 in value, and the share set off to James J. Easly should be decreased in that sum; that all the mortgage indebtedness, with interest, amounting to $20,000, should be assumed by the plaintiff, and that, in compensation therefor, she should receive in severalty, additional property of the value of $20,000; that there should thus be

set off to the plaintiff properties of the value of $66,000;
to the minor James J. Easly, properties of the value of
$14,000; and to each of the minors Charles R. B. Easly and
Nicholas L. Easly, properties of the value of $15,000. The
report then sets off to the plaintiff, in fee simple, certain de-
scribed properties of the gross cash value of $66,000, on
condition that she assume all of the mortgages on all of the
properties involved, which mortgages are enumerated and
made a charge upon the properties set off to her. The re-
port sets off to James J. Easly, in fee simple, certain de-
scribed properties found to be of a total value of $14,000,
subject to the taxes and assessments for local improve-
ments against them, and to each of the defendants
Charles R. B. Easly and Nicholas L. Easly, in severalty, cer-
tain separately described properties, each of a total value of
$15,000, subject to taxes and assessments for local improve-
ments. On April 19, 1913, a final decree of partition, in ac-
cordance with the findings of the court and the report of
the referees, was entered.

The defendants, by their guardians *ad litem*, prosecute
this appeal, claiming that the court erred (1) in allowing to
the plaintiff $1,000 in addition to her one-half of the real
estate, in extinguishment of her estate for life or during wid-
owhood in the one-sixth of the property found by the inter-
locutory decree to belong to the minor defendant James J.
Easly; (2) in allowing to the plaintiff properties of the
value of $20,000, by reason of her assumption of the mort-
gage indebtedness in that sum against the entire estate.

I. The first question must be considered as if the minor
James J. Easly and the respondent, Maud W. Easly, were
the only parties to the action, since that question concerns
them alone. The appellants argue that the effect of the de-
cree was to compel the minor James J. Easly to purchase
from the respondent her estate for life or during widow-
hood, and pay $1,000 therefor in property. Her estate for
life and his estate in remainder were so unlike in quality and

wanting in common ownership as to be incapable of partition in kind. Obviously, the decree changed the form of each of these interests, the life estate to its assumed equivalent in fee, the remainder in fee to its assumed equivalent as a fee in possession, unencumbered by the particular estate, and then partitioned the resultant estates in fee between the owners. When the court undertook to make partition as between respondent, as life tenant, and the minor, James J. Easly, as remainderman, it was forced to this change in the character and quality of both estates, in order to create that community of interest in these parties which was essential to the very nature of partition. Without this change, they had neither a common interest, nor a common possession, nor a common right of possession.

The issue is thus reduced to a single question of law: Can the owner of an estate for life or years maintain partition in kind against the owner of the remainder in fee in the same land? The question seems to furnish its own answer. Partition in kind cannot be made of estates unlike in kind because nothing is owned in common and when the estates are changed to estates of the same kind, the parties are no longer remainderman and life tenant, but both owners in fee in common. This is not partition. It is a creation of new estates and different rights, a radical alteration in the very subject-matter of the action. No such power existed at common law, or as an attribute of a court of equity. Assuming that such power could be constitutionally conferred, it is manifest that the court has no such power without statutory authority, either expressed or necessarily implied, and then only to be exercised in the manner pointed out in the statute. A brief review of the evolution of partition will make this plain. At common law, the right of compulsory partition existed only as between coparceners in estates of inheritance. Practically every enlargement of the remedy by partition, whether exercised through a court of law or a court of chancery, has come through legislative enactment. By the

statutes of 31 Henry VIII, Chapter 1, and 32 Henry VIII, Chapter 32, the right of partition was extended to tenants in common and joint tenants, as well as coparceners and to estates for life or for years as well as estates of inheritance. The jurisdiction in equity went no further. None, however, but the parties having estates in possession were bound by the judgment or decree. It could not affect estates in remainder or reversion. Freeman, Cotenancy and Partition (2d ed.), §§ 439, 440; 30 Cyc. 169. Partition at the suit of the life tenant or tenant for years was only binding during the continuance of the particular estate. When the life estate fell in, the tenancy in common between the reversioners or remaindermen revived unless a new partition between them was had. *Fitts v. Craddock*, 144 Ala. 437, 39 South. 506, 113 Am. St. 53; Freeman, Cotenancy and Partition (2d ed.), § 441. The last mentioned rule has long been abandoned and, under statutes similar to ours, Rem. & Bal. Code, § 838 *et seq.* (P. C. 81 § 1451), permitting all interests in the property to be brought before the court, the decree rendered is final and binding, as well on reversioners and remaindermen as on tenants for life or years and others entitled to a present possession. Actual possession, or a right of actual possession, is no longer necessary to enable a petitioner to maintain the action, but this is governed by the statute in each particular state. *Fitts v. Craddock, supra.*

"In some of the states, such right of possession is made requisite by statute, to maintain the proceeding. In Massachusetts, it cannot be instituted by a remainder-man or reversioner; nor in Maine. In New York, the final judgment is conclusive on all parties named in the petition, and all parties interested who may be unknown, to whom notice was given by publication, but the judgment does not affect persons having claims to the whole of the premises, or tenants in dower, by the curtesy, or for life; and the same in Minnesota. In Wisconsin, one or more tenants in common, coparcenary, or joint tenants, may have partition, but such persons must have an estate in possession. One who has

only an estate in remainder or reversion, cannot maintain the action; so in Michigan." *Scoville v. Hilliard,* 48 Ill. 453, 455.

See, also, *Hilliard v. Scoville,* 52 Ill. 449; *Cook v. Webb,* 19 Minn. 167; *Smith v. Gaines,* 38 N. J. Eq. 65; *Moody v. West,* 12 Ind. 399; *Carneal v. Lynch,* 91 Va. 114, 20 S. E. 959, 50 Am. St. 819; *Allen v. Libbey,* 140 Mass. 821, 2 N. E. 791.

In all of the foregoing cases, however, it will be noted that the actual partition was of estates of the same quality and held in common in the same land. The life estate or estate for years was not disturbed unless a sale was ordered, and not even then, where the particular estate covered the whole of the property sold on partition, in which case, the sale of the reversion or remainder was ordered, subject to the life estate or estate for years. Where the life estate is held jointly with others as a present common right of joint possession, it also may be partitioned and assigned to the life tenants in distinct parcels, or sold with the other interests, the life tenant participating in the proceeds. *Fitts v. Craddock, supra.* In no case was there any actual partition and severance of the life estate, unless that estate was held in common by different persons. *Carneal v. Lynch* and *Allen v. Libbey, supra.*

An analysis of our statute leads to the conviction that it goes no farther than the cases above cited. The material provisions of the statute, reference being had to Rem. & Bal. Code by section number, are as follows: Section 838 gives the right of partition where several persons hold and are in possession of real property *as tenants in common,* "in which one or more of them have an estate of inheritance or for life or years," and authorizes a sale on partition where division in kind is impracticable. Section 839 requires that the complaint set out, so far as known, the quantity and kind of interest of each person interested. Section 846 provides that the referees, in making partition, shall divide the prop-

erty and allot the several portions thereof to the respective parties, quality and quantity relatively considered according to the respective rights of the parties as determined by the court. Section 847 empowers the court to confirm or set aside the report of the commissioners in whole or in part and make the decree effectual forever, and binding,

"on all parties named therein, and their legal representatives, who have at the time any interest in the property divided, or any part thereof, as owners in fee, or as tenants for life or for years, or as entitled to the reversion, remainder, or inheritance of such property, or any part thereof, after the termination of a particular estate therein, or who by any contingency may be entitled to a beneficial interest in the property, or who have an interest in any undivided share thereof, as tenants for years or for life."

These general provisions for a partition in kind contain no hint of a power, either in the court or in the referees, to make such partition except between tenants in common, or to change the character of the estates in order to make such partition. Coming particularly to the effect of the partition on life estates, the statute provides:

"§ 848. Such decree and partition shall not affect any tenants for years or for life of the whole of the property which is the subject of partition. . . ."

"§ 851. When a part of the property only is ordered to be sold, if there be an estate for life or years in an undivided share of the property, the whole of such estate may be set off in any part of the property not ordered sold."

"§ 867. When the estate of any tenant for life or years in any undivided part of the property in question shall have been admitted by the parties or ascertained by the court to be existing at the time of the order of sale, and the person entitled to such estate shall have been made a party to the suit, such estate may be first set off out of any part of the property, and a sale made of such parcel, subject to the prior unsold estate of such tenant therein; but if, in the judgment of the court, a due regard to the interest of all the parties require that such estate be also sold, the sale may be so ordered."

"§ 868. Any person entitled to an estate for life or years

in any undivided part of the property, whose estate shall have been sold, shall be entitled to receive such sum in gross as may be deemed a reasonable satisfaction for such estate, and which the person so entitled shall consent to accept instead thereof, by an instrument duly acknowledged and filed with the clerk."

"§ 869. If such consent be not given, as provided in the last section, before the report of sale, the court shall ascertain and determine what proportion of the proceeds of the sale, after deducting expenses, will be a just and reasonable sum to be invested for the benefit of the person entitled to such estate for life or years, and shall order the same to be deposited in court for that purpose."

We fail to find anything in any of these statutory provisions authorizing the extinguishment of an estate for life or years by a substitution of an estate in fee simple, or any provision for the compulsory extinguishment of a life estate in any manner except by payment of its present worth in money, and then only where there is a sale of the entire property, including every interest therein, under §§ 867 and 869, above quoted. The respondent was a tenant in common with all of the appellants as to her undivided one-half in fee of all of the property. She was a tenant in common with the appellants Charles R. B. Easly and Nicholas L. Easly as to her life estate in an undivided one-sixth of all of the property. As to this life estate, she was not a tenant in common, joint tenant or coparcener with the appellant James J. Easly. She had the right to compulsory partition of her undivided one-half interest in fee as against all of the minor appellants who owned the other undivided one-half in fee, whether in possession or in remainder. She also had the right of partition as to her life estate in an undivided one-sixth as against her cotenants for life, Charles R. B. and Nicholas L. Easly, who, of course, by virtue of each owning an undivided one-sixth in fee, had, as a part of this fee, the life estate, each in his undivided one-sixth. *Allen v. Libbey, supra.* The court was, therefore, under the statute, authorized to go no farther

than to partition this life estate in kind by setting off to her a life estate in a specific one-sixth of the property in lieu of her life estate in an undivided one-sixth. The court could go no farther without ordering a sale of the entire property and distributing the proceeds, in which case she would be entitled, in addition to one-half of the net proceeds of the sale, to receive the present worth of her life estate in the undivided one-sixth. Since no sale was ordered, the court should have set apart to the minor defendant James J. Easly an undivided one-sixth in value of the property, subject to the respondent's estate for life or during widowhood. To confer jurisdiction for partition, it is indispensable that a community of estate or of possession exist between the parties. As to these two, there was none.

. "The court made a finding that the infants were owners in fee simple, and that Catherine Blauw had simply a life estate; and just how the court proceeded to convert this life estate into a greater one we do not understand. We cannot treat the judgment in that case as voidable merely, and not subject to collateral attack. We regard it as absolutely void. Having a life-interest only, and claiming no greater estate in her petition, we think the court was powerless to adjudicate that she take the fee. She had no. such community of interest with her children as to authorize partition." *Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059, 78 Am. St. 334, 48 L. R. A. 257.

The court had no power to change the character of either of these estates in order to partition them between the parties. This is not an action to contest a will or to reform a deed.

II. We find no merit in the contention that the court erred in allowing the respondent properties of the value of $20,000 by reason of her assumption of mortgages in that sum. That some of the parties interested should assume them was essential to any partition, since there was no personal estate with which to discharge them. It is a mere matter of equity that the party assuming the indebtedness should re-

ceive in compensation property sufficient to meet the indebtedness. This provision was, in effect, a partition of the net estate. It is not prohibited by the statute and is supported by every consideration of equity. `

The cause is remanded, with direction to modify the decree of partition to conform to the views herein expressed. Since the suit is apparently a friendly one, costs will be awarded to neither party.

CROW, C. J., CHADWICK, MAIN, and GOSE, JJ., concur.