# Stahl *v.* Buffalo, Rochester & Pittsburgh Railway Co., Appellant.

*Railroads—Eminent domain—Land damages — Amendment of petition.*

1. Where a petition for the appointment of viewers to assess damages for land taken by a railroad company merely describes the actual acreage taken for right-of-way purposes, the court may at the trial of the case, on appeal from the viewers' report, permit the owner to amend the description by adding that it was part of a larger tract of which the acreage is stated in the amendment.

2. Such an amendment is a mere correction of the pleadings so as to enable the jury to assess the damages on the true basis of the difference in the market value of the tract as a whole before and after the appropriation.

*Railroads—Eminent domain—Deed from life tenant—Statute of limitations—Life tenant—Remainderman—Minors — Acquiescence in entry—Petition for viewers—Damages.*

3. The entry of a railroad on land for a right of way pursuant to a deed from a life tenant, although valid as to him, confers no rights as against the remaindermen; nor does the statute of limitations run against them during his life. If the remaindermen were minors without a guardian at the time of the original entry by the railroad company, no inference of their acquiescence in the entry can be drawn against them.

4. During the continuance of a life estate, those holding the remainder are not bound to notice a possession taken and continued by virtue of a conveyance from the life tenant.

5. When the remaindermen after the death of the life tenant file a petition for viewers, a servitude is then imposed upon the land, and the right to damages then becomes vested in the remaindermen as personal claims.

6. A partition of the land made during the continuance of the life estate will enable each remainderman, after the death of the life tenant, to institute separate proceedings to recover his own damages, to be assessed as of the date of the proceedings to appoint viewers, and not as of the date of the original entry by the railroad company.

Argued Oct. 2, 1918. Appeal, No. 55, Oct. T., 1918, by defendant, from judgment of C. P. Jefferson Co., Jan. T., 1915, No. 46, on verdict for plaintiff in case of Christiana Stahl v. Buffalo, Rochester & Pittsburgh Railway Company. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Affirmed.

Appeal from report of viewers. Before CORBET, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial the defendant presented the following points:

1. "There being no evidence offered in this case to show the market value of the property in question at the time of the location and appropriation of the defendant's right of way over the same, to wit, in 1882, or how the market value thereof was affected by said location and appropriation, at the time the same was made, the verdict of the jury must be for the defendant." Answer: Refused (9).

3. "If, as alleged by the plaintiff, the title to this land was vested in Henry Shaffer and his five minor children at the time the railroad company made its location and appropriation, and there being no evidence that the plaintiff has since acquired, by assignment or otherwise, the right of the other four children to their proportionate shares of said damages, the plaintiff cannot maintain this action, and the verdict of the jury must be for the defendant." Answer: Refused. (11).

4. "It appearing from the undisputed evidence that the railroad company did not enter upon the land under its right of eminent domain, but under and pursuant to the deed from Henry Shaffer offered in evidence, and that it has been in the open, continuous, exclusive and adverse possession of said land, under said deed, since 1882, or for a period of about thirty-three years before the petition in this case was filed, the title to said land was, at that time, vested in the defendant by more than twenty-one years adverse possession, and the plaintiff cannot maintain this action, having no title to or interest in the land appropriated by the railroad company, and the verdict of the jury must be for the defendant." Answer: Refused (12).

Verdict and judgment for plaintiff for $3,300. Defendant appealed.

*Errors assigned,* among others, were (1) allowance of amendment; (9, 11, 12) answers to points above, quoting them, and (13) refusal of binding instructions for defendant.

*John W. Reed,* of *Reed, Boulton & Forsyth,* with him *John G. Whitmore* and *C. Z. Gordon,* for appellant.— The act of location is at the same time the act of appropriation, and thereupon the owner or the company may proceed at once to have the damages assessed. Compensation by the landowner is demandable forthwith when the act of location and appropriation is committed:

Williamsport R. R. Co. v. Philadelphia, Etc., R. R., 141 Pa. 407.

In the assessment of damages, the injury must be valued at the moment when compensation could first be demanded: Schuylkill Navigation Co. v. Thobourn, 7 S. & R. 411; Zimmerman v. Union Canal Company, 1 W. & S. 346; Johnston v. Callery, 184 Pa. 146; Sloan v. Hoyt, 40 Pa. Superior Ct. 181; Penna. R. R. Co. v. First German Lutheran Congregation, 53 Pa. 445; Philadelphia v. Linnard, 97 Pa. 242; Wadhams v. Lackawanna & Bloomsburg R. R. Co., 42 Pa. 303.

The entry upon the land by the railroad in this case having been made under a grant from the life tenant, the assessment of damages, if any, must be made as of the date of entry: Oliver v. Pittsburgh V. & C. Ry. Co., 131 Pa. 408; Hay v. Valley Pike Co., 38 Pa. Superior Ct. 145.

The right to damages, under the statute, is a personal one, and does not run with the land. Hence the plaintiff could not recover, as she has, in this action the damages of the other remaindermen interested in the land at the time it was located upon, without an assignment or transfer of their right thereto to her: McFadden v. Johnson, 72 Pa. 335; Davis v. Titusville & Oil City Ry. Co., 114 Pa. 308; Warrell v. Wheeling, Etc., R. R. Co., 130 Pa. 600; Kaufmann v. Pittsburgh, 248 Pa. 41.

Where a railroad company takes land, not in the exercise of its right of eminent domain, but by purchase, its title to the land becomes good by twenty-one years adverse possession: Covert v. Pittsburgh & Western Ry. Co., 204 Pa. 341; McCullough v. Cumberland Val. R. R. Co., 186 Pa. 112; Carter v. Ridge Turnpike Co., 22 Pa. Superior Ct. 162.

*A. J. Truitt,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 4, 1919:

This was a proceeding to assess the damages on account of land taken for railroad purposes. Barbara

Shaffer, who was the owner of a farm of 118 acres situated in what is now the town of Sykesville, Jefferson County, died in 1878, intestate, leaving a husband, Henry Shaffer, and five children. In 1882, said surviving husband, while the children were minors and without guardian, gave the predecessor of the defendant a deed for a right-of-way through the farm of the width of 100 feet, on which a railroad track was then constructed and has since been in continuous use. Plaintiff was the eldest child and became of age in 1884. By a partition in 1890 that part of the farm here in question, containing 9.68 acres, was allotted to plaintiff, subject to the life estate of her father, who died in 1913. From said allotment plaintiff conveyed to defendant 1.43 acres, not here in controversy, leaving her the owner of 8.25 acres, of which 3.65 acres were embraced in said right-of-way. Barbara Shaffer's deed for the farm was recorded in 1867. Prior to these proceedings, the railroad company never secured or sought to secure any title to said right-of-way except that conveyed by the Henry Shaffer deed. On plaintiff's petition the court below, November 23, 1914, appointed viewers to assess the damages for the right-of-way through that part of the farm allotted to her; and, from the viewers' report, she took an appeal to said court where an issue was framed and jury trial had resulting in a verdict and judgment for plaintiff; from which defendant brought this appeal.

Her original petition described the land affected by the right-of-way as 3.65 acres, which merely included that occupied by defendant, but after the appeal from the viewers' report the trial court permitted plaintiff to amend the description by adding that it was a part of a larger tract (described in the amendment) including in all 8.25 acres. This did not introduce a new cause of action as plaintiff's claim was still based on the appropriation of the same land, but corrected the pleadings so as to enable the jury to assess the damages on the true basis of the difference in the market value of the tract as

a whole before and after the appropriation. A finding of the viewers, submitted with their report, shows that they understood that to be the correct measure of damages. The proceedings on such appeal are de novo and subject to amendment as in other cases, and plaintiff may be permitted to amend his petition so as to correctly describe the land affected by the condemnation. It has been held that in such case an amendment may be allowed, including lands purchased pending the proceedings: Boyd et al. v. Negley, 40 Pa. 377, 384. And see Election Cases, 65 Pa. 20, 35; Penna. & N. Y. R. R. Co. v. Bunnell, 81 Pa. 414; Wilson v. Scranton City, 141 Pa. 621, 630.

The entry of the railroad company in 1882 was admittedly pursuant to the deed from the life tenant and valid as against him, but conferred no rights as against his children, who owned the fee, nor did the statute of limitations run against them during his life: Gernet v. Lynn, 31 Pa. 94; Wolford v. Morgenthal, 91 Pa. 30. While the life estate continued, the heirs of Barbara Shaffer were not affected by defendant's occupation of the farm, nor prevented from making partition thereof; but, as the right of defendant therein ceased at the death of the life tenant, plaintiff might have brought ejectment against the railroad company for so much of the 8.25 acres as it then occupied: Pittsburgh & Lake Erie R. R. Co. v. Bruce, 102 Pa. 23; Richards v. Buffalo, Etc., R. R. Co., 137 Pa. 524; or she might as she did waive the tort and have viewers appointed to assess the damages.

Where land is taken for public use the title of the owner is not divested until his damages are paid or secured: Speer v. Monongahela R. R. Co., 255 Pa. 211; Johnston v. Delaware, L. & W. R. R. Co., 245 Pa. 338; Wheeling, P. & B. R. Co. v. Warrell, 122 Pa. 613. And the damages belong to him who owns the land when the servitude is imposed upon it. Here as to plaintiff the servitude was imposed when the viewers were appointed: Williamsport, Etc., R. R. Co. v. Philadelphia, Etc., R. R. Co., 141 Pa. 407; Heilman v. Union Canal Co., 50 Pa. 268;

Shevalier v. Postal Teleg. Co., 22 Pa. Superior Ct. 506. That is undoubtedly the true rule, but there is some lack of uniformity in the decisions. The owner's right to compensation becomes a personal claim when his title to the land is divested. When plaintiff filed her petition for viewers, on November 23, 1914, it vested in the defendant a title to the right-of-way and in her the right to compensation therefor, to be assessed as of the date of filing her petition. The other heirs had then no interest in the 8.25 acres, nor she in their purparts, hence each must proceed separately. That this may cause additional expense to the defendant results from its predecessor's neglect to acquire a permanent title at the inception. The railroad company might then have secured its right-of-way from the heirs of Barbara Shaffer by condemnation proceedings wherein a guardian would have been appointed for the minors; but that step was not taken and such right must now be paid for at its value when acquired. Therefore evidence as to the price of the land in 1882 was irrelevant.

As the heirs were minors without guardian at the time of the original entry, no inference of their acquiescence can be drawn; so far as relates to them, it cannot be treated as an entry with the owner's consent. And, during the continuance of a life estate, those holding the remainder are not bound to notice a possession taken and continued by virtue of a conveyance from the life tenant. See Railroad v. Boyer, 13 Pa. 496, 500.

As the trial court disposed of the case according to the views herein stated, the assignments of error are overruled and the judgment is affirmed.