[Civ. No. 3639. First Appellate District, Division One.—January 7, 1921.]

J. L. GEARY, Plaintiff and Appellant, v. JOSEFA BORONDA DE ESPINOSA et al., Defendants ,and Respondents; MANUEL D. ESPINOSA et al., Defendants and Appellants.

[1] PARTITION—COTENANT OUT OF POSSESSION—RIGHT TO MAINTAIN ACTION—CONSTRUCTION OF CODE SECTION.—Under section 752 of the Code of Civil Procedure, as amended in 1919, actual possession, or a right of actual or immediate possession, is not necessary in order to enable a cotenant to maintain an action in partition, if he otherwise falls within the provisions of that section.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Reversed.

The facts are stated in the opinion of the court.

J. L. Geary, *in pro. per.*, L. T. Jacks and W. G. Bonta for Plaintiff and Appellant.

Z. B. Stuart, C. W. Byrer, J. W. Hocker, Russell Scott and C. F. Lacey for Defendants and Respondents.

R. C. McComish for Defendants and Appellants.

WASTE, P. J.—Plaintiff brought this action seeking to partition three parcels of real property. The lower court entered a judgment of dismissal upon the ground that the action could not be maintained under the provisions of section 752 of the Code of Civil Procedure by the plaintiff, a remainderman out of possession, while the holder of the life estate was in possession. Plaintiff appeals upon the judgment-roll.

The action is one for the partition of three parcels of real property in Monterey County, containing more than ten thousand acres of land, possession of all of which, as alleged in the complaint, is held by the defendant Josefa Boronda de Espinosa as life tenant. The entire remainder in fee is held by the plaintiff and fifteen of the defendants, as tenants in common, subject

to certain leases and mortgages of individual interests
of certain of the remaindermen in the property.

A general and special demurrer to the complaint was
interposed by one of the defendants and overruled. There-
upon the life tenant and all of the defendant remaindermen
answered. The answer of the holder of the life estate,
Mrs. Espinosa, alleges her ownership in fee simple of
thirty acres of the property, but otherwise admits all the
material allegations of the complaint, and prays for a
partition. All of the defendant remaindermen, except two,
in their answers also consent to partition. One of them,
Z. B. Stuart, in his answer as first filed, averred that
the entire property could be readily and beneficially di-
vided without a sale, and joined in the prayer of the
other defendants for the partition. Subsequently, by an
amendment to his answer, Stuart denied that a partition
could be had without great damage to him, and further
alleged that litigation over their respective interests in the
property was pending between himself and certain other
defendants. Defendant B. A. Soberanes, as trustee for
Salvador Espinosa, denies that partition can be made at
all, for the reason that the defendant life tenant Josefa
Boronda de Espinosa holds, and will hold, possession of
the entire property, subject to the leases above mentioned,
during her life.

The action was brought on for trial, and at the outset,
upon the hearing, objection was made to the introduction
of any evidence in support of plaintiff's case. After argu-
ment the court refused to admit the introduction of any
testimony upon the ground that the complaint did not state
a cause of action, and upon the further ground that the
court had no jurisdiction to try the cause. A judgment of
dismissal of the action was thereupon entered.

[1] The sole subject of investigation before the court
on this appeal is whether or not the complaint states facts
sufficient to constitute a cause of action. More specifically
stated, the question to be determined is whether or not
a remainderman out of possession, and not entitled to
the present right of possession, may compel partition of
the remainder while the life tenant is in possession of
the entire property. It is the general rule prevailing in
England and in many jurisdictions in the United States

that no person has the right to demand a court to enforce a compulsory partition, unless he has an estate in possession—one by virtue of which he is entitled to enjoy the present rents, or the possession of the property as one of the cotenants thereof. (Freeman on Cotenancy and Partition, sec. 446; *Mills* v. *Stump*, 20 Cal. App. 84, 89, [128 Pac. 349].) Section 752 of our own Code of Civil Procedure, under the provisions of which this action may be maintained, if at all, as it stood before the amendment adopted in 1919, was as follows: "When several cotenants *hold* and *are in possession of* real property as parceners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appear that a partition cannot be made without great prejudice to the owners." (The italics are ours.) While recognizing that in some of the states the statutes are broad enough to include the holders of nearly every estate that can exist in lands as proper parties plaintiff in this kind of an action, the supreme court held that in this state under the section as it then stood, it was only the cotenants mentioned therein who held and were in possession of real estate, who could bring an action for partition, and that it was only that real property which was thus held by them that could be partitioned. (*Jameson* v. *Hayward*, 106 Cal. 682, 686, [46 Am. St. Rep. 268, 39 Pac. 1078].)

In 1919, however, and before this action was brought, the section was amended to read as follows: "When several cotenants own real property as joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof," etc. (Stats. 1919, p. 319.) Appellant argues that by this amendment the bar of the common law and of the former statute in this state has been removed and that he is now entitled to maintain the action, although not now in, or entitled to, possession of the property sought to be divided. His contention appears to be based upon a reasonable construction of the section as it

now stands. Statutes must be read and considered in conjunction with the legislative intent, and then be liberally construed with the object in view to effect such intent. (*Odell* v. *Rihn,* 19 Cal. App. 713, 719, [127 Pac. 802].) When adopting the amendment of 1919 to the section, the legislature had before it the bar of the common law and of its own enactment as it then stood. It was then, as now, the law in a number of states that a remainderman, although not in possession, might bring a partition suit. (*Crowley* v. *Sutton* (Mo.), 209 S. W. 902, 903; *Doerner* v. *Doerner,* 161 Mo. 399, 407, [61 S. W. 801, 802]; *Deadman* v. *Yantis,* 230 Ill. 243, 250, [120 Am. St. Rep. 291, 82 N. E. 592]; *Stahl* v. *Buffalo R. & P. Ry. Co.,* 262 Pa. St. 493, [106 Atl. 65, 67]; *Hanson* v. *Ingwaldson,* 77 Minn. 533, 538, [77 Am. St. Rep. 692, 80 N. W. 702].) These decisions appear to be based upon statutes reading so like ours as to be practically the same in effect. Consequently we think it but fair to assume that, when the legislature so amended section 752 of the Code of Civil Procedure as to strike from it the provision that in order for a cotenant to maintain an action in partition he must *hold* and be *in possession of* real property, and permitted the action to be brought by one who may merely *own* real property, as such tenant in common, it must have intended to remove the restriction of the common law and of its own prior enactment. To so hold does no violence to settled rules of law, for while it may be true, as pointed out by the respondent, that more jurisdictions interpose the common-law bar of a right of possession as a prerequisite to maintaining an action in partition, than hold to the contrary, it was well within the province of our own legislature to adopt either rule, as it deemed best. It therefore becomes unnecessary for us to enter into a minute discussion of the cases cited by the respondent which support the rule in force in this state before the amendment to this section.

We are of the opinion that it is now the rule in this state that actual possession, or a right of actual or immediate possession, is no longer necessary in order to enable a cotenant to maintain an action in partition, if he otherwise falls within the provisions of section 752 of the Code of Civil Procedure, as it now reads. (*Fitts* v. *Crad-*

*dock,* 144 Ala. 437, 439, [113 Am. St. Rep. 53, 39 South. 506]; *Easly* v. *Easly,* 78 Wash. 505, 510, [139 Pac. 200].) Clearly, under the decisions above noted the plaintiff is. entitled to maintain this action against all the other holders of remainder interests in the real property. It is unnecessary for us to further consider the question whether or not the action will lie against the defendant Josefa Boronda de Espinosa, owner of the life estate, which is raised by some of the authorities (*Smalley* v. *Isaacson,* 40 Minn. 450, [42 N. W. 352]), for she joined in the prayer of the plaintiff and certain of the other defendants that the real property be partitioned in conformity with the interests of the respective parties. It is certain, of course, that the decree in the partition suit can in nowise affect her rights. Furthermore, there is no necessity for disturbing the interest of Mrs. Espinosa, for there can be an actual partition, as between the reversioners, by each taking his share in severalty, subject to her life estate, or the whole may be sold subject to her interest. (*Hanson* v. *Ingwaldson, supra.*)

The judgment is reversed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 7, 1921.

All the Justices concurred.